## Commissioners of Highways of the Town of Mill Shoals v. Charles Hucker et al.

1.    JURISDICTION—*what certificate sufficient to confer jurisdiction upon justice in proceeding to lay out road.*  A certificate in such a proceeding which is in substantial compliance with the requirements of the statute, is sufficient to confer jurisdiction.

2.    JURISDICTION—*how may be questioned in proceeding to lay out road.*  The jurisdiction of a justice in such a proceeding cannot be questioned either before him or before the county court upon appeal.  The manner of placing in issue the question of the justice's jurisdiction is by *certiorari.*

Proceeding by highway commissioners to lay out road.  Appeal from the Circuit Court of White County; the Hon. JACOB R. CREIGHTON, Judge, presiding.  Heard in this court at the August term, 1906.  Reversed and remanded.  Opinion filed March 15, 1907.

JAMES C. PEARCE, for appellants.

NOAH C. BAINUM and F. M. PARISH, for appellees.

MR. JUSTICE MYERS delivered the opinion of the court.

This was a proceeding by the commissioners of highways of the town of Mill Shoals, White county, to lay out a road for private and public use as authorized by section 54, chapter 121, Rev. Stat. A petition in due form of law was presented to the commissioners and after examination into the merits of the case the prayer of the petition was granted. It is not questioned that the proceedings of the commissioners from the time the petition was received until the granting of the prayer thereof were regular and in conformity with the requirements of the statute. It is provided by section 54, that the commissioners shall be governed in their proceedings to lay out a road for private or public use, "by the rules and regulations prescribed in this Act in relation to public roads." By section 41, which relates to public roads, the proceedings to assess damages to landowners affected by the road, when damages have not been agreed upon or released, are directed. The commissioners shall make a certificate "that they are about to establish * * * a road, describing such road * * * and the land·over or on which such road is to be established * * * and naming the owners of such lands * * * and asking a jury to assess the damages of such owners and shall present such certificate to some justice of the peace," etc. In conformity with this section the commissioners made and . filed a certificate with a justice of the peace, before whom the damages were assessed by a jury, from which the appellees herein appealed to the Circuit Court, where they moved to dismiss the proceeding for the reason, as stated, that "the certificate filed by the highway commissioners with the justice of the peace for calling a jury to assess damages is not sufficient to give the justice of the peace jurisdiction of the matter." The motion was allowed, the suit dismissed, and commissioners appealed to this court. The jurisdiction of the highway commissioners, the regularity or legality of their proceedings in laying out the road, is not subject to

review in the justice court, nor by the Circuit Court on appeal from the justice court. This may be done by writ of *certiorari*. The statute has provided no other way. Perry v. Bozarth, 95 App., 566. Jurisdiction of the justice court in the matter of assessing damages or benefits pursuant of the road law is conferred by statute, and attaches upon the filing of a certificate of the commissioners. The sufficiency of the petition asking for a road, and the jurisdiction of the commissioners to act, or the regularity of their proceedings, may not be questioned before the justice of the peace, when it comes before him for the assessment of damages. The duty of the justice and the issues to be tried and findings to be made, are fixed by the statute. To that end, it is sufficient, that the certificate of the commissioners is in substantial compliance with the requirements of the statute, and as no form is prescribed, any form which embodies the purpose of the proceeding before the justice, a description of the premises affected and the parties concerned, will be sufficient. It is not contended that the certificate in this case was not in conformity with section 41, but that it was not sufficient under section 54, because, it is argued, that the matter to be determined, the issues to be tried, are not identical under both sections. So far as it appears from anything in this record, all the parties concerned and all the land affected by damages or benefits was before the court, or may have been, for the parties are named in the certificate and the lands are described. By section 54 the jury were to consider the damages as in section 41, but in addition thereto, the jury is to determine, declare, and apportion the benefits among those so affected by the laying out of the road. It was for the jury and not the commissioners to determine who were damaged and who benefited, and the extent thereof, and though the certificate is formally defective in not asking that benefits as well as damages be determined and apportioned, yet treated as a declaration or petition in the commencement of a suit, as appellee would have it considered, it might have been amended, under the Statute of Amendments, like any other declaration or petition. The

justice and jury were neither in any wise concerned, under this proceeding, with the payment of the damages, whether by the town or the parties benefited. It was for the jury to find and apportion the damages and benefits as directed by the statute, and for the justice to enter the finding or verdict "upon his docket in the nature of a judgment." We are of opinion that the certificate was sufficient and in accord with the "rules and regulations prescribed in the Act in relation to public roads," and that the Circuit Court erred in dismissing the suit. The judgment will therefore be reversed and the cause remanded.

*Reversed and remanded.*