## Jasper Potter, Plaintiff in Error, v. The Commissioners of Highways of Eagle Creek Township, Defendant in Error.

1. ROADS AND BRIDGES—*assessment of damages.* An appeal from a verdict assessing the damages caused by the laying out of a highway across certain land is properly taken to the County Court.

2. ROADS AND BRIDGES—*assessment of damages.* The highway commissioners' certificate to a justice asking for a jury to assess damages for laying out a road, need not give the width of the road, but need only give a general description, and it is proper to show at the trial the width of the road, its distance and course across the land in question, and that the survey was made.

3. APPEALS AND ERRORS—*presumption when no certificate showing that record contains all the evidence.* On appeal where there is no certificate that the record contains the whole of the evidence, it is presumed that the evidence warranted the verdict and judgment.

4. ROADS AND BRIDGES—*when presumed on appeal that acts by commissioners were regular.* On appeal from a verdict assessing the damages caused by laying out a road, it must be presumed that the steps taken by the highway commissioners in laying out the road and assessing damages were regular where it does not appear from the certificate that all the steps taken and shown on the trial are incorporated in the record.

5. ROADS AND BRIDGES—*when presumed on appeal that proceedings of commissioners were regular.* Though the record of proceedings of highway commissioners in laying out a road, as presented by the bill of exceptions is incomplete in the absence of a certificate, that it contains all the evidence, it must be presumed, so far as necessary to sustain the verdict and judgment, that the proceedings were regular.

6. APPEALS AND ERRORS—*amended bill of exceptions.* Where the plaintiff in error with leave and without objection files an amended bill of exceptions after the defendant in error has filed his brief by which it appears that a motion for new trial was made because of refusal to grant a continuance, the motion and the court's action properly appear in the record.

7. PRACTICE—*when refusal of continuance reversible error.* Refusal of a continuance is reversible error where in proceedings to assess damages for laying out a road, an affidavit was presented, stating that three witnesses if present would testify that the land was worth $100 per acre, that subpoenas had been issued, that one witness at least was sick and unable to be present, and that the facts could not be proved by other witnesses, and where the witnesses of the opposite party valued the land at from $27 to $35 per acre.

Error to the County Court of Gallatin county; the Hon. H. P. BOZARTH, Judge, presiding. Heard in this court at the March term, 1912. Reversed and remanded. Opinion filed October 7, 1912.

McKERNON & DAVIS and BARTLEY & BARTLEY, for plaintiff in error.

ROEDEL & ROEDEL, for defendant in error.

MR. JUSTICE McBRIDE delivered the opinion of the court.

In this case a petition to lay out a new road, extending across the lands of the plaintiff in error, was presented to the defendant in error, and after granting the prayer of the petition, and failing to agree with the plaintiff in error as to the amount of his damages, filed a certificate with the justice of the peace and asked that a jury be impaneled to assess the damages of the plaintiff in error; the damages were assessed by the jury, from which assessment the plaintiff in error secured an appeal to the County Court of Gallatin county. The case was tried *de novo* in the County Court and verdict and judgment obtained for plaintiff in error in the amount of $33.00; to reverse which judgment the plaintiff in error prosecutes this writ.

Prior to the commencement of the trial the plaintiff in error made a motion and presented an affidavit for a continuance, which was refused. He then withdrew from the court room and the trial proceeded in his absence. The defendant in error offered some testimony as to the value of the lands taken for this highway, and plaintiff in error then entered his motion for a new trial, and failing in this took an exception to the order of the court.

It is claimed by the plaintiff in error that the County Court of Gallatin county was without jurisdiction to hear this appeal and urged that the appeal should have been taken to three supervisors. It was the plaintiff in error who appealed this proceeding to the County

Court, and if he was of the same opinion then, as now, and sincere in that contention, it seems to us that the proper thing for him to have done was to have dismissed his appeal. We do not believe that this point is well taken. This is not an appeal from the order of the commissioners granting the prayer of the petition but the appeal, as we gather it from the record, is simply from the amount of damages assessed by the jury. We are of the opinion that it is conclusively settled by the decisions of our Supreme Court, that the right of appeal from the verdict of the jury in the assessment of damages occasioned by reason of the laying out of the highway across the lands of the plaintiff in error is properly taken to the County Court. The People v. Commissioners of Highways, 188 Ill. 150.

It is next contended that the court did not have jurisdiction in this particular case because the certificate that was filed before the justice of the peace did not give the width of the road and that the commissioners did not have the road surveyed. We do not regard it as necessary that a certificate is required to give the width of the road. All that was required in the certificate was to give a general description of the road and it was proper to show upon the trial, by competent evidence, that the survey was made and the width of the proposed road together with the distance and course the road would take across the land of the plaintiff in error. In speaking of a certificate of the commissioners to the justice of the peace, in a case of this character our Supreme Court in the case of McManus v. McDonough, 107 Ill. 101, says, "It does not require the certificate to give the survey or the course and distance, but simply a description of the road, and here is a description sufficient to enable that part of the road to be found. It would, under this description, have been proper on the trial to introduce the survey of that part of the road, or some more minute description, to enable the jury to ascertain the accurate amount of damages. The statute,

we think, does not require the certificate to contain a minute description, by courses and distances, of the whole road, or even the portion for which damages are claimed, but a general description of the portion for which damages are claimed will suffice." It will be observed by reference to this case, that the certificate there in question did not contain the width of the road.

There is no certificate in this record that it contains all of the evidence heard upon the trial of this cause. Counsel for plaintiff in error states in his brief that there is a certificate to that effect but this statement is challenged by counsel for defendant in error, and upon examination of the record and abstract we are unable to find any such certificate attached thereto. Under the repeated decisions of the Supreme and Appellate Courts of this state where there is no certificate that the record contains the whole of the evidence, the uniform holding is that it must be presumed that the evidence heard upon the trial of the cause was sufficient to warrant the verdict and judgment rendered.

Other irregularities in the proceedings by the commissioners of highways to secure a jury, and in other respects are also complained of as being insufficient to warrant the County Court in taking cognizance of this case, but as it does not appear from the certificate that all of the steps taken and shown upon the trial are incorporated in the record, it must be presumed that all of the steps taken by the commissioners of highways in the laying out of the road, as well as in the assessment of the damages, at least so far as this suit is concerned, were regular. It is said in the case of Shields v. Ross, 158 Ill. 227, "The rule in this state has always been that in a matter of laying out, opening, altering, widening and vacating roads the presumptions are all in favor of the regularity and validity of the various steps and proceedings that are antecedent and preliminary to the entry of the order laying out, opening, altering, widening or vacating

such roads, but subject to rebuttal by any person questioning the validity of such proceedings. And these prior proceedings may be either attacked or sustained by parol evidence." The record of the proceedings as presented by this bill of exceptions seems to be rather incomplete but owing to the want of a proper certificate showing that it contains the whole of the evidence, we must indulge the presumption that the proceedings were regular so far as is necessary to sustain the verdict and judgment of the court. While other irregularities are complained of, we think in view of what has been above said that it is not necessary to further comment upon them and that they are such matters as will be corrected upon another trial of this case.

The most serious error complained of so far as presented by this record, is the refusal of the court to grant a continuance on motion of the plaintiff in error. A motion was made to continue the case and it appears from the affidavit presented in support thereof that Fred Zinn, Silas Potter and Harrison Baker were important witnesses in behalf of plaintiff in error. That they resided in the County of Gallatin and that subpoenas had been issued for them and that one of them at least was sick and unable to be present and testify in court; that he would be able to prove by these witnesses, if present, that the lands in question were of the value of one hundred dollars per acre, and that he knew of no other witness or witnesses by whom he could prove these facts. It also appeared from the affidavit that this was a material question upon the trial of the case. The evidence of the witnesses introduced in behalf of the defendant in error placed the value of this land at from twenty-seven to thirty-five dollars per acre, and it would seem to us, from the affidavit presented, that the witnesses were material for a proper presentation of the rights of the plaintiff in error, and that the plaintiff should have had an opportunity to obtain his evidence, unless the defend-

362    APPELLATE COURTS OF ILLINOIS.

ant would admit the statement in evidence, as provided by statute. Indeed, the sufficiency of the affidavit is not questioned by counsel for defendant in error but he seeks to avoid this error by saying that it cannot be taken advantage of because it was not assigned as error in the motion for a new trial, "so far as the record discloses," and that "Before it can be said the court erred in its ruling on the motion it must have been given an opportunity to correct itself."

Since counsel for defendant in error filed his brief herein, the plaintiff in error has taken leave to file an amended bill of exceptions, which he filed on May 14, 1912, to which no objections have been made, and it appears from this corrected transcript that the plaintiff in error did make a motion for a new trial and that one of the errors assigned therein was that the court "Refused to grant a continuance in this cause upon affidavit made by the defendant, etc.," and as we view it, the motion for a new trial and the action of the court thereon now properly appear in the record. We are of the opinion that the court erred in refusing to grant the plaintiff in error a continuance and because of this error the judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*