(No. 11886.—Reversed and remanded.)

THE CITY OF LEWISTOWN,·Appellant, *vs.* EVERETT HARRISON, Appellee.

*Opinion filed February 20, 1918.*

1. MUNICIPAL CORPORATIONS—*municipal police regulation may differ from State law on the subject if not inconsistent therewith.* A city cannot adopt ordinances which infringe the spirit of a State law or are repugnant to the policy of the State as declared by general legislation, but the police regulations of a city may differ from those of the State upon the same subject if not inconsistent therewith. (*City of Decatur* v. *Schlick,* 269 Ill. 181, followed.)

2. SAME—*city may prohibit the barter or exchange as well as the sale of intoxicating liquor.* Under the provisions of the Cities and Villages act a city has power, without proceeding under the Local Option law, to regulate as well as prohibit the sale of intoxicating liquors, and in the exercise of such power it may prohibit the barter or exchange as well as the sale of intoxicating liquors.

3. PRACTICE—*formal exception to entry of judgment need not be incorporated into record.* Under section 81 of the Practice act, as amended in 1911, the incorporating into the record of formal exceptions, including the exception to the entry of the judgment, is not necessary in order to preserve the rulings of the trial court for review, and the ruling of the court in refusing to admit an ordinance in evidence may properly be questioned on appeal though no formal exception was taken to the entering of the final judgment.

4. SAME—*city need not offer to prove a violation of ordinance which court has refused to admit in evidence.* The law does not require the doing of useless or frivolous things, and in a prosecution for the violation of an ordinance which the court has refused to admit in evidence the city is not required to offer to introduce evidence to show a violation of the ordinance and obtain a ruling on such offer in order to prevent the question of the validity of the ordinance from being a mere moot question.

APPEAL from the Circuit Court of Fulton county; the Hon. HARRY M. WAGGONER, Judge, presiding.

MARVIN T. ROBISON, and HARVEY H. ATHERTON, for appellant.

BURNETT M. CHIPERFIELD, and CLAUDE E. CHIPERFIELD, for appellee.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

This was a proceeding begun by appellant, the city of Lewistown, in a justice court in Fulton county against appellee, Everett Harrison, for the violation of section 2 of a municipal ordinance·of that city. On the trial before the justice of the peace appellee was found guilty and fined $40. An appeal was taken to the circuit court, where a jury was waived and a hearing had before the court. On the hearing before the circuit judge appellant offered in evidence ordinance No. 112 of said city, except section 4 thereof, and ordinance No. 259, being an amendment to section 5 of ordinance No. 112. The court refused to admit either of said ordinances in evidence and thereafter entered a judgment finding appellee not guilty. The trial judge certified that the questions in the proceeding involved the validity of a municipal ordinance and that the public interests required that its validity be determined by this court. Thereupon an appeal was prayed and allowed directly to this court.

While there are other subsidiary or minor questions involved, the principal one, in our judgment, is whether section 2 of ordinance No. 112 is valid. That ordinance was passed on April 8, 1908, and approved April 23, 1908. Sections 1 and 2 are as follows:

"Sec. 1. It shall not be lawful to sell intoxicating liquor in any quantity whatever within the corporate limits of said city from and after the first day of May, 1908, nor to grant or issue, or cause to be granted or issued, any

license to sell intoxicating liquor in any quantity whatever within said city.

"Sec. 2. Whoever shall, by himself or another, either as principal, clerk or servant, directly or indirectly, sell, barter or exchange any intoxicating liquor in any quantity whatever within the limits of said city of Lewistown after the first day of May, 1908, shall be fined not less than twenty dollars ($20) nor more than one hundred dollars ($100). If any person shall be convicted of violating any provision of this section and shall subsequently violate any provision of this section, he shall, upon conviction thereof, be fined not less than fifty dollars ($50) nor more than two hundred dollars ($200). And in like manner if he shall subsequently violate any provision of this section, for such third offense and each subsequent violation he shall, upon conviction thereof, be fined not less than one hundred dollars ($100) nor more than two hundred dollars ($200)."

There are six sections to the ordinance, but the others we do not deem it necessary to set out or refer to at length, except section 5, which will be referred to later, in connection with the amendment to said section made by ordinance No. 259.

Counsel for appellee argue that it is manifest from a comparison of the provisions of ordinance No. 112 and the so-called Local Option law, which was enacted May 6, 1907, that said ordinance was based on and largely copied from the provisions of the Local Option law, and that as the city of Lewistown had not adopted, at the time of this trial, said Local Option law, the city was without power to enact ordinance No. 112. Counsel for appellee concede that the city had the authority to prohibit the sale of liquor, but they argue at length that the provisions of section 2, which authorized conviction not only for the sale but for barter or exchange of any intoxicating liquor in any quantity, were not authorized by the general statutory charter provisions under which said city was organized. They con-

cede that section 2 is worded substantially as section 12 of the Local Option law and that the Local Option law has been held valid by this court, but they argue that not having been adopted by the city of Lewistown said law could not be invoked by the authorities of that city at the time of the passage of ordinance No. 112.

A municipality may by ordinance restrict, regulate and prohibit the same acts which are punishable and penalized under the law of the State, so far as authorized so to do by law. It may make more definite regulations than are usually provided by general legislation and enforce them by appropriate penalties. It cannot, however, adopt ordinances which infringe the spirit of a State law or are repugnant to the policy of the State as declared by general legislation, but the police regulations of a city may differ from those of the State on the same subject if not inconsistent therewith. (*City of Chicago* v. *Union Ice Cream Manf. Co.* 252 Ill. 311; *City of Decatur* v. *Schlick,* 269 id. 181.) This ordinance does not prohibit what the statute in force before the passage of the Local Option law permitted. We think the reasoning of the decision last cited is decisive of the question raised here by appellee. The court in that case, in discussing a somewhat similar question as to the power of municipalities, under the statute in force before the adoption of the Local Option law, to pass an ordinance of this kind, said (p. 187) : We "agree with appellants that it is immaterial whether the ordinance under consideration was passed by the city before or after the vote was taken under the Anti-saloon act in the town of Decatur. The city had power, under clauses 46, 48, 59, 66, 75 and 97 of section 1 of article 5 of chapter 24, known as the City and Village act, to pass the ordinance, and its provisions are not inconsistent with the provisions of the Anti-saloon statute. (*People* v. *Cregier,* 138 Ill. 401; *Kettering* v. *City of Jacksonville,* 50 id. 39; *Laugel* v. *City of Bushnell,* 197 id. 20.) It must therefore be sustained as a

valid exercise of the legislative powers delegated by law to municipal authority."

Counsel for appellee attempt to distinguish the *Schlick case* from the one here, for they say it does not appear that the ordinance there in question included the words "barter or exchange" of intoxicating liquor, but referred exclusively to prohibiting the sale of liquor. We think in this counsel are in error, for the opinion in that case states (p. 184) that the ordinance was in all respects identical "with the said Local Option statute, (the sections, however, being differently numbered,)" etc. A reference to the record, abstract and briefs in that case on file in the clerk's office of this court shows that the ordinance there in question was worded identically as to barter and exchange as section 2 of ordinance No. 112, and therefore the conclusion in that case must be held conclusive here.

Independently, however, of the wording of the ordinance in the *Schlick case,* we think, from the reasoning in that case and in the cases cited therein, it is clear that under the Illinois statute, before the passage of the Local Option law, city and village authorities were vested with authority to regulate as well as prohibit the sale of intoxicating liquors, and that no one, on a fair construction of the meaning of the words "barter or exchange," could defeat the purpose of such legislation by a subterfuge or artificial device, such as barter or exchange, in lieu of a direct sale. (*Rickart* v. *People,* 79 Ill. 85; *People* v. *Law and Order Club,* 203 id. 127; *South Shore Country Club* v. *People,* 228 id. 75; *City of Decatur* v. *Schlick, supra; People* v. *Gilmore,* 273 Ill. 143.) To permit the construction to be placed upon the words "barter or exchange" contended for by counsel for appellee would, in effect, overrule the reasoning of the decisions already quoted, and would permit a device to be used in lieu of direct sale that would "render all legislation on this subject nugatory." Under the reasoning of those decisions the conclusion necessarily

282 – 30

follows that section 2 of ordinance No. 112 is valid, whether the city of Lewistown had adopted the Local Option law or not at the time it was enacted. The circuit court therefore improperly refused to admit this ordinance in evidence.

It is argued by counsel for appellant that the court improperly also refused to admit ordinance No. 259 in evidence, while counsel for appellee insist that the introduction of that ordinance was properly refused because the record shows it was passed after this proceeding was begun in the trial court. This amended ordinance has no bearing on the question involved in enforcing ordinance No. 112. It is unnecessary, therefore, to decide whether the court erred in refusing to admit it.

Counsel for appellee insist that the abstract of record is insufficient and does not present for the consideration of this court any question of law or fact. They insist that the abstract does not show that any exception was taken to the entering of the final judgment in this case, and also fails to show that the bill of exceptions contained all the evidence offered on the trial of the case. This court has held, in construing section 81 of the Practice act as amended in 1911, that the incorporating of formal exceptions into the record in order to preserve the ruling of the trial court for review is unnecessary, and that this applies to the requirements for an exception as to the entry of the judgment. (*Miller* v. *Anderson,* 269 Ill. 608.) Furthermore, there was an exception taken and preserved in the bill of exceptions as to the ruling of the court in refusing to admit the ordinance in question in evidence, and therefore, under the repeated rulings of this court, the question as to the correctness of the court's ruling on the admission of this ordinance could be properly raised before the amendment of section 81 of the Practice act, even though an exception was not taken as to the entering of the final judgment. (*Cincinnati, Indianapolis and Western Railway Co.* v. *People,* 205 Ill. 538; *Grand Pacific Hotel Co.* v. *Pinkerton,*

*217* id. 61; *Climax Tag Co.* v. *American Tag Co.* 234 id. 179.) Then, too, counsel for appellee insist in another part of their brief and argument that the record contains all the evidence that was offered on the trial of the case. In the state of the record before us we do not think there is any merit in the objection of counsel for appellee as to either of these questions not being preserved in the record.

Counsel for appellee further argue that counsel for the city did not in the trial below attempt to make any offer of evidence to show that provisions of ordinance No. 112 had been violated by appellee. Of course, after the court had refused to admit the ordinance in evidence there was nothing to justify the offering of proof to show that the ordinance had been violated. It necessarily followed, under that ruling, that the trial judge would hold improper any admission of evidence to show that provisions of the ordinance that had been refused admission in evidence had been violated. The law does not require the doing of useless or frivolous things. We think there is no merit in the argument that the failure to offer this evidence and have its admission refused by the court renders the question as to the validity of these ordinances a moot question.

Counsel for appellant offered several propositions of law to the trial court which were given or refused in accordance with the judgment of the court. It is now insisted by counsel for appellee that the trial court erred in passing on these propositions of law; that this is not a case where such propositions could be presented for a ruling by the court. Whether or not the appellee's contention should be sustained in this regard is unnecessary for us to decide. Even though the court improperly ruled on these propositions of law, it could not possibly change the decision as to the validity of the provisions of section 2 of ordinance No. 112.

The judgment of the circuit court will be reversed and the cause remanded for further proceedings in harmony with the views herein expressed.

*Reversed and remanded.*