QUEEN INSURANCE COMPANY OF AMERICA *v.* DELPHI STRAWBOARD COMPANY.

[No. 10,532. Filed November 19, 1920. Rehearing denied March 10, 1921. Transfer denied June 3, 1921.]

1. INSURANCE.—*Policy.—Ambiguities.—Construction.*—If a policy of insurance is ambiguous, it should be construed against the insurer and in favor of the insured. p. 50.

2. INSURANCE. — *Fire Insurance.— Action.— Complaint.— Sufficiency.—Property Insured.*—Where a fire policy was ambiguous as to whether the property was insured only when within a specified building, a complaint alleging that the property destroyed was located on the premises described in the policy was good as against demurrer, even though it did not allege that such property was within the building. p. 50.

3. INSURANCE.—*Fire Insurance.—Liability of Insurer.*—A policy insuring against loss by fire for a stated term all materials and supplies used by the insured in his business covers not only the materials on hand at the time the policy was issued, but also those subsequently acquired during the term of the policy. p. 50.

4. TRIAL.—*Finding of Facts.—Sufficiency.*—Where the court upon due request makes a special finding of facts, each material fact must be found in favor of the party having the burden of proof to authorize a recovery by him. p. 51.

5. TRIAL.—*Findings.—Failure to Find a Material Fact.*—A failure to find as to any material fact is the equivalent of a finding against the party having the burden of proving such fact. p. 51.

6. INSURANCE.—*Fire Insurance.—Action on Policy.—Defenses.— Waiver.*—In an action on a fire policy, where the insurer denied liability upon the ground that the property destroyed was not covered by the policy, it waived all other grounds of defense, so that it was immaterial whether the insured gave the notice of loss required by the policy, and the failure to find that such notice was given does not render the findings insufficient to sustain conclusions of law in favor of plaintiff. p. 51.

From Wells Circuit Court; *Frank W. Gordon,* Judge.

Action by the Delphi Strawboard Company against the Queen Insurance Company of America. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Burke G. Slaymaker,* for appellant.

*Clark J. Lutz, Charles E. Sturgis* and *Robert W. Stine,* for appellee.

ENLOE, P. J.—This was an action by appellee against appellant upon a policy of fire insurance. The complaint which was in one paragraph, alleged the corporate existence of the parties; the issuance of the said policy by appellant to appellee; the loss of the property by fire; the value of the property so lost; the giving to appellant of notice of such loss, and of the furnishing to appellant of proofs of such loss; the denial by appellant of liability on account of said loss by fire.

To this complaint the appellant answered in four paragraphs, of which the first was a general denial; the second, alleging a mistake in the writing of the policy, and that the property destroyed was not covered by said policy; the third, alleging that the minds of the parties

never met, as to the location and description of the property covered in the second item in said policy, and electing to rescind said policy; the fourth paragraph also alleging a mistake in said policy and declaring a rescission of the same. There was also a cross-complaint, by which appellant sought a reformation of said policy.

A copy of said policy of insurance was attached to said complaint, as an exhibit, the covering part of said policy being as follows:

"$100.00 On their one and two story stone building with additions and composition roof, situated detached on assured's premises between the Wabash and Monon Railroads in the east part of the City of Delphi, Indiana.

"1900.00 On their fixed and movable machines, machinery, apparatus, appliances and equipments of all kinds including all spare and duplicate parts, attachments, settings, connections and appurtenances, shafting, gearing, hangers, pulleys, millwright and machinists' work, dynamos, engines, boilers, pumps, heaters, generators, switch-boards and other electrical apparatus and equipment, scales, trucks, tools and implements and stock in trade, and all materials and supplies used by assured in their business."

It will be noted that as to the second item, *supra*, the usual clause, "While contained and only while contained in the above described buildings," is omitted.

The property destroyed consisted of something over eleven hundred tons of baled straw, piled on the premises of appellee, on which the building covered by clause one, *supra*, was located. The said straw was "material and supplies" used by appellee in its business of manufacturing strawboard.

The cause was tried by the court, which, a request having been made therefor, found the facts specially, and stated its conclusions of law thereon favorable to

appellee, to which appellant duly excepted. It then filed its motion for a new trial, which having been overruled and judgment rendered against it, it now prosecutes this appeal.

Appellant insists that the court erred in overruling its demurrer to the complaint; that as the language of the policy was, "to the following described property, while located and contained as described herein and not elsewhere," that said policy covered only the buildings described in clause one, *supra,* and the contents of said buildings, and as the property destroyed was not alleged to have been in said building, at the time the same was destroyed, the complaint was insufficient, and the demurrer thereto should have been sustained.

It has been repeatedly held, and is now the settled law, that if a policy of insurance is ambiguous, it should be construed against the company, and in favor of the insured; *Federal Life Ins. Co.* v. *Barnett, Admx.* (1919), 71 Ind. App. 613, 125 N. E. 522; *Maxwell* v. *Springfield Fire & Marine Ins. Co.* (1920), 73 Ind. App. 251, 125 N. E. 645. The said complaint also alleged that the property destroyed was "located on the premises described in said policy of insurance." Clearly said complaint was good as against a demurrer.

Appellant next insists that the court erred in its conclusions of law; that the findings are insufficient to support said conclusions. It is insisted that as the findings do not show that the appellee was the owner of the said straw destroyed at the time said policy was written, they fail to find that he had any insurable interest therein and that therefore the policy was void. It will be noted that the coverage of the said second clause was "* * * and all material and supplies used by the assured in their business," and the finding was that said destroyed straw was such materials. "Materials and supplies used in business"

constitute a "shifting risk," and a term policy covering the same, covers not only those on hand at the time the policy first becomes effective, but also those which may be afterwards acquired for such purpose. It is like a term policy covering a stock of merchandise or the hay, grain and machinery in a farmer's barn. These change from season to season, but the policy covers the new, as well as it covered the old. The *Farmers, etc., Ins. Co.* v. *Kryder* (1892), 5 Ind. App. 430, 31 N. E. 851, 51 Am. St. 284.

Again it is insisted that as the policy required that notice of loss should be given within six days, and as the findings are silent upon the subject of such notice that therefore no notice was given; that notice of loss is a condition precedent, without which there can be no recovery.

It is well settled that where the court upon due request, makes a special finding of facts, that each and every material fact must be found in favor of 4, 5. the party having the burden of proof, and that a failure to find as to any material fact, is the equivalent of a finding against the party having such burden.

Was the finding as to notice of loss a necessary one in this case?

The complaint alleged the giving of notice of loss, and that appellant by its agent came upon the premises of appellee and made an inspection of said property and "notified and informed this plaintiff that 6. it did not consider itself liable upon said policy, and that it did not and would not consider any liability under said policy." Also by its answer appellant denied all liability, as hereinbefore set forth. When the appellant denied liability upon the ground that the property destroyed was not covered by the said policy, this was a waiver of any defense upon other and different

grounds. *National, etc., Ins. Co.* v. *Elliott* (1915), 60 Ind. App. 112, 118 N. E. 784, and authorities there cited. This being true the fact of "notice of loss" became immaterial, so far as the special findings were concerned. The findings are sufficient to sustain the conclusions of law. We find no error in this record and the judgment is therefore affirmed.