## Town of Sefton, Plaintiff in Error, v. George M. Pasley et al., Defendants in Error.

1. SAVING QUESTIONS FOR REVIEW—*necessity for exception to entry of judgment by county court dismissing suit to assess damages from laying out road.* No exception to the entry of final judgment by the county court dismissing a suit to assess damages from the laying out of a road for want of a sufficient certificate calling for a jury to assess damages pursuant to the provisions of Road and Bridge Act, sec. 82, Cahill's Ill. St. ch. 121, ¶ 90, is necessary to make the action of the county court reviewable on error to the Appellate Court.

2. HIGHWAYS AND STREETS—*sufficiency of highway commissioner's certificate for assessment of damages from laying out new road.* A certificate calling for a jury to assess damages from the laying out of a road pursuant to Road and Bridge Act, sec. 82, Cahill's

Ill. St. ch. 121, ¶ 90, is sufficient where it fixes the starting point and terminal point as a specified quarter section corner and a point on a section line respectively, gives the courses and distances of the road in a general way, and states that the road passes over and is supposed to damage lands owned by the defendants, no statement of the width of the road or minute description of its course and distance or the lands over which it passes or the owners thereof being necessary.

3. HIGHWAYS AND STREETS—*amendment of certificate for assessment of damages from laying out road.* It is error for the county court on appeal from the justice's court to dismiss a proceeding to assess damages from the laying out of a road on the ground that no sufficient certificate was filed with the justice within the statutory time, where a certificate was filed in time and was thereafter amended so as to comply substantially with the statutory requirements.

Error to the County Court of Fayette county; the Hon. C. R. TORRENCE, Judge, presiding. Heard in this court at the March term, 1922. Reversed and remanded. Opinion filed April 28, 1922.

MATHENY & WELKER, for plaintiff in error.

ALBERT, WEBB & ALBERT, for defendants in error.

MR. JUSTICE BARRY delivered the opinion of the court. The commissioner of highways of the Town of Sefton granted the prayer of a petition for the laying out of a road that would cross the land of defendants in error. Within ten days thereafter he filed with a justice of the peace a certificate calling for a jury to assess damages of defendants in error pursuant to the provisions of section 82 of the Road and Bridge Act [Cahill's Ill. St. ch. 121, ¶ 90]. At the hearing before the justice leave was granted and the certificate amended, whereupon defendants in error moved the court to dismiss the suit for the reason that the certificate as amended was not filed with the justice within ten days from the granting of the prayer of the petition. The motion was overruled, damages assessed and defendants in error appealed to the county court. In that court defendants in error moved the court to

dismiss the suit because no sufficient certificate was filed with the justice within ten days after the prayer of the petition was granted and for that reason the justice and the county court were without jurisdiction. The motion was allowed and cause dismissed at costs of plaintiff in error.

Defendants in error contend that plaintiff in error cannot question the action of the county court because no exception was taken to the entry of the final judgment. Such an exception is no longer necessary. *City of Lewistown v. Harrison*, 282 Ill. 461. Their counsel concede that the original certificate filed with the justice, the amended certificate and the final judgment of the court are a part of the record without a bill of exceptions.

From those it appears that the suit was dismissed because no sufficient certificate was filed within the time required by law and not because no certificate was filed in time. The final judgment shows that defendants in error did not question the sufficiency of the amended certificate, but that their motion was based on the fact that a sufficient certificate was not filed within the ten days required by law.

They now seek to sustain the action of the court by contending that the amended certificate was also insufficient because it does not state the width of the road, its course and distance, its terminal point, the lands over which it is to pass or the owners of such lands. We held in *Potter v. Highway Com'rs Eagle Creek Tp.*, 173 Ill. App. 357, that it was not necessary for the certificate to state the width of the road; that all that is required in the certificate is to give a general description of the road, and it is proper to show upon the trial, by competent evidence, that a survey was made and the width of the road together with distance and course the road would take across the land of the defendant.

The statute does not require the certificate to give

a minute description, by courses and distances, of the whole road, or even the portion for which damages are claimed, but a general description of the portion in question will suffice. *McManus v. McDonough*, 107 Ill. 95.

The certificate in question fixes the starting point of the road as the southeast corner of the northwest quarter of Section 8, T. 7 N., R. 2 E., 3rd P. M., and the terminal point as a point on the north line of the northeast quarter of the northeast quarter of Section 7 in said town and range. The courses and distances are also given in a general way, although not as accurate as they might be. It also states that the road passes over and is supposed to damage the land owned by defendants in error. While the certificate might have been in better form, no fundamental requirement of the statute is omitted.

A substantial compliance with the requirements of the statute in the laying out or establishing of a road is all that is required, where nothing is omitted which is fundamental. *Town v. Town of Blackberry*, 29 Ill. 137; *McDonald v. Road Dist. No. 3 in Pope County*, 292 Ill. 386-390.

We held in *Highway Com'rs Town of Mill Shoals v. Hucker*, 133 Ill. App. 252, that the certificate in a case of this kind may be amended; that the jurisdiction of a justice in such a proceeding cannot be questioned either before him or before the county court upon appeal; that the manner of placing in issue the question of the justice's jurisdiction is by certiorari. We are aware of no reason why we should change our views as expressed in that opinion. It follows that the judgment must be reversed and the cause remanded.

*Reversed and remanded.*