(No. 61163.— )

ROSSETTI CONTRACTING COMPANY, INC., Appellant, v. THE COURT OF CLAIMS *et al.*, Appellees.

*Opinion filed September 20, 1985.—Rehearing denied December 2, 1985.*

O'Halloran, Lively & Walker, of Northbrook (James E. O'Halloran, Jr., and Clifford G. Kosoff, of counsel), for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Jill Wine-Banks and Roma Jones Stewart, Solicitors General, and Patricia Rosen, Assistant Attorney General, of Chicago, of counsel), for appellees.

CHIEF JUSTICE CLARK delivered the opinion of the court:

The plaintiff, Rossetti Contracting Company, Inc. (Rossetti), is an underground contractor. Rossetti served as a subcontractor to Brighton Building Maintenance Company, Krug Excavating Company, and Western Paving Company (Brighton), an Illinois joint venture. Brighton had been awarded contracts by the Illinois Department of Transportation (Department of Transportation) for repair work on the Stevenson Expressway.

There were two contracts for repair on the Stevenson Expressway which involved Rossetti, contracts 83 and 84. Brighton was the prime contractor, and Rossetti subcontracted to install underdrains. Rossetti was to perform the work according to the plans and specifications of the Department of Transportation.

In the performance of its work, Rossetti encountered an unforeseeable rigid concrete base below the existing asphalt shoulders requiring full-depth saw-cutting. The Department of Transportation authorized the additional work by Rossetti on both contracts 83 and 84. Under the Department's authorizations, it was agreed that Rossetti should receive $235,184.20 for the additional work it had to perform. All of Rossetti's work was completed in 1975.

In June 1977, Brighton filed a complaint in the Illinois Court of Claims for the cost of all the additional work performed on contracts 83 and 84. Brighton, as the prime contractor, included Rossetti's claim in its complaint.

On November 2, 1977, a Federal jury found certain

executives of Brighton guilty of violations of the Federal antitrust laws and mail fraud. One of the contracts involved in the violations was contract 83. On December 27, 1977, the Department of Transportation filed an answer and an affirmative defense in the Court of Claims. The affirmative defense was based upon section 14 of the Court of Claims Act, which provided:

"Sec. 14. Whenever any fraud against the State of Illinois is practiced or attempted by any claimant in the proof, statement, establishment, or allowance of any claim or of any part of any claim, the claim or part thereof shall be forever barred from prosecution in the court." Ill. Rev. Stat. 1975, ch. 37, par. 439.14.

According to Rossetti, there has never been even a "hint" that Rossetti was involved in any illegalities of any kind. In response to the State's assertion of the section 14 affirmative defense to Brighton's claim, Rossetti filed a petition to intervene in the Court of Claims in June 1978. In October 1978, the petition was argued. Then, 18 months later, in April 1980, an order was entered denying Rossetti's petition to intervene without stating reasons for the denial.

On December 4, 1981, the Department of Transportation filed a motion for summary judgment on Brighton's claim based on the section 14 affirmative defense and requested a judgment denying Brighton's claim in its entirety, which included Rossetti's claim. Brighton opposed the motion, asserting various grounds, one of which was that section 14 should not be interpreted in such a manner as to deprive Rossetti of the money it had earned.

On May 17, 1982, the Court of Claims granted the Department of Transportation's motion for summary judgment dismissing Brighton's claim in its entirety. On November 24, 1982, after Brighton's timely motion for rehearing and the argument thereof, the Court of Claims denied rehearing.

In December 1982, Brighton and Rossetti each filed separate petitions for writs of *certiorari* and complaints for damages and other relief in the circuit court of Cook County. The petitions named the Court of Claims and the individual judges of the Court of Claims as respondents. The actions were subsequently consolidated, and the defendants filed motions to dismiss. There was a hearing on August 25, 1983, wherein the circuit court: (1) dismissed Brighton's writ of *certiorari* with prejudice and (2) dismissed Rossetti's writ of *certiorari* without prejudice as to Brighton and the State of Illinois. The judge suggested that Rossetti "petition the Court of Claims for redress of their claim against Brighton and ultimately against the State of Illinois" and ruled that "if no relief is granted [by the Court of Claims] within 60 days of this Order Rossetti is given leave to petition this Court [the circuit court of Cook County] for relief at that time." Rossetti then sought relief in the Court of Claims by filing another petition to intervene and for relief from judgment. In January 1984, the Court of Claims again denied Rossetti's petition. Rossetti then renewed its petition for a writ of *certiorari* in the circuit court. On April 16, 1984, the circuit court denied Rossetti's petition but stated that "Rossetti Contracting Company should have a right to appear in a forum and present their claim against the State of Illinois." The judge further stated that a "manifest injustice [was] being worked on Rossetti ***. [T]hey should have been permitted to intervene *** and their claim should have been considered insofar as the work that they [had] done for the State of Illinois ***." But, the circuit court judge found that he was without jurisdiction over the matter.

Rossetti appealed to the appellate court. The defendants filed motions to dismiss the appeal based on the theories of *res judicata* and collateral estoppel, contending that the issues raised by the plaintiff had already

been decided in *Brighton Building & Maintenance Co. v. Court of Claims* (1984), 125 Ill. App. 3d 1156 (order under Supreme Court Rule 23 (87 Ill. 2d R. 23)). The appellate court dismissed Rossetti's appeal, and Rossetti filed a petition for rehearing which was denied on November 8, 1984. Rossetti then filed a petition for leave to appeal in this court pursuant to our Rule 315 (87 Ill. 2d R. 315), and we allowed its petition.

The primary issue in this case is whether the decision of the judges of the Court of Claims in this case is subject to review by means of an extraordinary writ filed in the circuit court. The plaintiff alleges that the court of claims' decisions are reviewable when they are unconstitutional or contrary to established law. We will postpone discussion of the other issues raised by the plaintiff until we have addressed this primary issue.

A situation analogous to the instant one arose in the case of *People ex rel. Harrod v. Illinois Courts Com.* (1977), 69 Ill. 2d 445. In that case, the petitioner filed a writ of *mandamus* in this court praying that the respondents, members of the Illinois Courts Commission, be directed to expunge an order which they entered suspending him from his judicial duties for one month without pay. It was argued that this court was without jurisdiction over the matter since the Commission's actions were not reviewable inasmuch as article VI, section 15(f), of the 1970 Constitution (Ill. Const. 1970, art. VI, sec. 15(f)) specifically provides that the Commission's decisions are final. In *Harrod*, we noted that this court derives its authority and jurisdiction from sections 1 and 4 of the judicial article (Ill. Const. 1970, art. VI, secs. 1, 4) and that section 1 of article VI provides that all of the judicial power in this State is vested in a supreme, appellate and circuit court (69 Ill. 2d 445, 457). We also determined that although the Courts Commission derives its authority from the Constitution, it is not a coequal

branch of government or a court within the meaning of the judicial article (69 Ill. 2d 445, 458). Therefore, we reasoned that since it is the function and duty of this court to act as the final arbiter of the Constitution, we had both the authority and responsibility to determine whether the Courts Commission had acted beyond its constitutional grant of authority. In *Harrod,* we further reasoned that the Commission, inasmuch as it is not a part of the tripartite court system in this State, did not possess the power to interpret statutory ambiguities or to compel judges to conform their conduct to any such interpretation. We held that the function of the Commission was one of fact finding and that it should apply the facts to the determined law and not determine, construe, or interpret what the law should be. Therefore, in conclusion, we held that the Commission had exceeded its constitutional authority when, in determining whether petitioner's orders were without authority of law, it applied its own independent interpretation and statutory construction to petitioner's conduct.

In the instant case, it is clear that the Court of Claims, like the Courts Commission, is not a court within the meaning of the judicial article but instead is a fact-finding body. It is also clear that this court has the authority and the responsibility, as the final arbiter of the Constitution, to determine whether the Court of Claims has acted to unconstitutionally deprive a party of its right to due process. Rossetti is not presently seeking money damages against the State but simply a right to be heard on its alleged claim. We believe the Court of Claims, by interpreting section 14 to be applicable to Rossetti without allowing Rossetti an opportunity to be heard, has deprived Rossetti of due process of law. It is a basic tenet of constitutional law that an opportunity to be heard be granted at a meaningful time and in a meaningful manner. See *Armstrong v. Manzo* (1965), 380 U.S.

545, 552, 14 L. Ed. 2d 62, 66, 85 S. Ct. 1187, 1191.

In *Harrod,* the petitioner filed for a writ of *mandamus,* and in the instant case the petitioner filed for a writ of *certiorari.* There is a general rule of common law that a common law writ of *certiorari* is available to review the actions of an inferior tribunal when no other mode of appeal or review is provided, with the exception of the situation where the statute under which the inferior tribunal proceeded specifically denies review. (*Thompson v. Cronin* (1977), 48 Ill. App. 3d 752, 757, citing *People ex rel. Loomis v. Wilkinson* (1852), 13 Ill. 660; *Commissioners of Mason & Tazewell Special Drainage District v. Griffin* (1890), 134 Ill. 330.) In the instant case, there is no other mode of appeal or review by any other tribunal provided. The Court of Claims Act, while it does specify that the Court of Claims has "exclusive jurisdiction over claims brought against the State of Illinois," does not *specifically* deny review by any other tribunal. Therefore, a writ of *certiorari* was a proper mode of review of the decision of the Court of Claims in this case.

In *S. J. Groves & Sons Co. v. Illinois* (1982), 93 Ill. 2d 397, and in *Seifert v. Standard Paving Co.* (1976), 64 Ill. 2d 109, this court referred to a person's right to appeal from a decision of the Court of Claims. To the extent that those cases could be interpreted to be inconsistent with the holding in this opinion, they are now overruled.

Therefore, we are remanding this cause to the Court of Claims for proceedings consistent with this opinion.

Since we have determined that Rossetti should be afforded the opportunity to be heard in the Court of Claims, it is unnecessary for us to address the other issues raised by Rossetti. In deciding that *certiorari* was appropriate under the rare set of circumstances in the instant case, we do not now hold that *certiorari* would

be available to review the correctness of any decision of the Court of Claims based on the merits of an appeal.

*Cause remanded,*
*with directions.*