PATRICIA McCLANAHAN BYRON, Plaintiff, v. THE VILLAGE OF LYONS *et al.,* Defendant and Third-Party Plaintiffs–Appellants (The Department of Children and Family Services, Third-Party Defendant–Appellee).

First District (5th Division)    No. 85—3319

Opinion filed October 17, 1986.

William J. Fenili, of Wheaton, for appellants.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, and Candida Miranda, Assistant Attorney General, of Chicago, of counsel), for appellee.

JUSTICE MURRAY delivered the opinion of the court:

This appeal is based on an underlying suit filed by plaintiff, Patricia McClanahan Byron, to recover damages arising out of the alleged tortious conduct of defendants, village of Lyons, the Lyons police department, and police officer Sullivan (hereinafter referred to collectively as the village). Byron's complaint alleged that the village, after arresting Byron, improperly took her minor children into limited custody and, upon advice from the Department of Children and Family Services, turned the custody of the children over to their natural father, Byron's ex-husband. The complaint asserted that Byron had been damaged by the village's conduct, since she was deprived of her children's society and companionship for three months.

Thereafter, the village filed a third-party action for contribution against the Department of Children and Family Services (State) alleging that the State failed to discharge its duties concerning the custody of the children and, thus, was a joint tortfeasor. The trial court granted the State's motion to dismiss the village's third-party complaint for lack of subject matter jurisdiction. The State had contended that the doctrine of sovereign immunity barred the maintenance of the third-party action in the circuit court and asserted that the Court of Claims was the proper forum.

The village, as third-party plaintiffs, are appealing the dismissal order, claiming that the Contribution Among Joint Tortfeasors Act (Ill. Rev. Stat. 1983, ch. 70, par. 301 *et seq.*) authorizes an action for contribution by a third-party complaint in a pending action (Ill. Rev. Stat. 1983, ch. 70, par. 305). The village argues that case law has gradually expanded the concept of contribution so as to disallow immunity defenses as a bar to an action by a joint tortfeasor for contribution. The village cites the 1970 Illinois Constitution: "Except as the General Assembly may provide by law, sovereign immunity in this State is abolished" (Ill. Const. 1970, art. XIII, sec. 4); and contends that, since the Contribution Act contains no provision for sovereign immunity, the doctrine is not applicable in this case.

The State counters this argument by pointing out that the legislature has enacted a statute providing that actions against the State must be brought exclusively in the Court of Claims (Ill. Rev. Stat. 1983, ch. 127, par. 801).

We agree with the State and must affirm the trial court for the following reasons.

■ Sovereign immunity, originating from the concept that the King could do no wrong, was abolished by the 1970 Constitution "[e]xcept as the General Assembly may provide." (Ill. Const. 1970, art. XIII, sec. 4.) In 1972, the General Assembly resurrected the doctrine by enacting a statute that provides in part, "Except as provided in 'An Act to create the Court of Claims, to prescribe its powers and duties, and to repeal An Act herein named', *** the State of Illinois shall not be made a defendant or party in any court." (Ill. Rev. Stat. 1983, ch. 127, par. 801.) The use of the word "shall" is generally regarded as being mandatory. (*Henderson v. Hudson* (1984), 121 Ill. App. 3d 780, 785, 460 N.E.2d 10, 13.) Since the above-cited statutory language appears to mandate that all claims against the State must be brought pursuant to the Court of Claims Act, it is necessary to examine the Act in order to determine whether a third-party suit against the State falls within its ambit.

The Court of Claims Act gives that court exclusive jurisdiction to hear and determine, among other matters, "[a]ll claims against the state founded upon any law of the State of Illinois" and "[a]ll claims against the State for damages in cases sounding in tort." (Ill. Rev. Stat. 1983, ch. 37, pars. 439.8(a), (d).) Despite this legislative expression precluding jurisdiction in suits sounding in tort against the State in any court except the Court of Claims, the village contends that case law and the Contribution Act permit it to maintain a suit against the State in plaintiff's pending action.

There is no question that the village's third-party complaint alleges a cause of action for contribution which, but for the State's immunity and the Court of Claim's jurisdiction, would properly lie in the circuit court.

■ Although it is true that the doctrine of sovereign immunity has been somewhat diluted in recent years, modern case law clearly establishes that the doctrine still exists. Sovereign immunity was reaffirmed by the supreme court in *S. J. Groves & Sons Co. v. State* (1982), 93 Ill. 2d 397, 444 N.E.2d 131, *overruled on other grounds, Rossetti Contracting Co. v. Court of Claims* (1985), 109 Ill. 2d 72, 485 N.E.2d 332,[1] which stated that sovereign immunity is justified as a means of protecting the State from interference in its governmental

---

[1]In *Rossetti Contracting Co. v. Court of Claims* (1985), 109 Ill. 2d 72, 485 N.E.2d 332, it was held that the common law writ of *certiorari* is available for supreme court review of decisions of the Court of Claims under exceptional circumstances.

performance and preserving its control over State coffers. 93 Ill. 2d 397, 401, 444 N.E.2d 131, 133.

■■ ■ Moreover, the courts have consistently held that even where the State is not a named party, an action is considered a suit against the State if it would serve to control the State's actions or subject it to liability. (*Herget National Bank v. Kenney* (1985), 105 Ill. 2d 405, 408, 475 N.E.2d 863, 864; *Brucato v. Edgar* (1984), 128 Ill. App. 3d 260, 264, 470 N.E.2d 615, 618.) And, whether an action against the State is within the exclusive jurisdiction of the Court of Claims depends upon the issues and the type of relief sought. *Ellis v. Board of Governors of State Colleges and Universities* (1984), 102 Ill. 2d 387, 394, 466 N.E.2d 202, 206.

The issue and prayer for relief in the present case is clearly based on a tort claim, *i.e.,* plaintiff's assertion that the village improperly took limited custody over her children. Therefore, it is apparent that the Court of Claims has jurisdiction over the village's third-party action against the State.

■■ ■ We also note that the filing of third-party suits for contribution in pending actions, authorized by the Contribution Among Joint Tortfeasors Act (Ill. Rev. Stat. 1983, ch. 70, par. 305) and relied upon by the village, does not expressly exclude contribution claims against the State from falling within the doctrine of sovereign immunity. Therefore, the State's consent to such a suit would have to be implied. It has been held that legislative consent to suit against the State cannot be implied when there is an express statutory provision to the contrary. (*S. J. Groves & Sons Co. v. State* (1982), 93 Ill. 2d 397, 404, 444 N.E.2d 131, 134, *overruled on other grounds, Rossetti Construction Co. v. Court of Claims* (1985), 109 Ill. 2d 72, 485 N.E.2d 332), and legislative consent must be clear and unequivocal; it cannot be inferred (*Martin v. Giordano* (1983), 115 Ill. App. 3d 367, 369, 450 N.E.2d 933, 934). The Court of Claims Act expressly grants jurisdiction to that court in cases against the State grounded in tort; the Contribution Among Joint Tortfeasors Act is silent on the subject. Therefore, the expressed legislative intent places jurisdiction for this case in the Court of Claims.

Furthermore, to permit a joint tortfeasor to sue the State for contribution in a third-party complaint in a case where the injured party has no cause of action against the State for the alleged tort, except in the Court of Claims, would grant third-party rights not initially enjoyed by the injured party. The village is correct in its claim that, under third-party procedure, a third-party complaint may be filed against a party who is not a party in the original action and who is or

may be liable to the third-party plaintiff for all or part of the original plaintiff's claim. (Ill. Rev. Stat. 1983, ch. 110, par. 2—406(b)).) However, third-party procedure also authorizes the third-party defendant (here, the State) to assert any defense it has to the third-party's or original plaintiff's claims. Ill. Rev. Stat. 1983, ch. 110, par. 2—406(b).

The State has raised a valid defense of sovereign immunity. The original plaintiff's claim would obviously be barred by that doctrine, and the village does not dispute this. To permit the village to maintain an action for contribution against the State in a tort action over which the Court of Claims has jurisdiction would be a perversion of not only the doctrine of sovereign immunity but also of Illinois third-party practice rules.

Accordingly, the trial court's dismissal of the third-party complaint against the State for lack of jurisdiction is affirmed.

Affirmed.

LORENZ and PINCHAM, JJ., concur.