108

(No. 84-CC-0370– )
WILLIAM R. HERSHEY and PRAIRIE FARMS DAIRY, INC.,
Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed October 31, 1990.*

ENSEL, JONES, BLANCHARD & LABARRE (ALFRED B. LABARRE, of counsel), for Claimant.

NEIL F. HARTIGAN, Attorney General (WILLIAM E. WEBBER, Assistant Attorney General, of counsel), for Respondent.

## ORDER

PATCHETT, J.

This case is related to the case of William R. Hershey and Barbara Hershey vs. State of Illinois, 83-CC-1892. In that case, the Claimants, William Roy Hershey and Barbara M. Hershey, filed a claim against the State of Illinois seeking compensation for injuries as a result of an accident.

As a result of the same accident in which the Hersheys were injured and have filed a claim, the American Motorist Insurance Company, a part of the Kemper Group, paid monies to certain injured individuals. In return for those payments, they have received releases from those individuals. Subsequent to the paying of those monies, William R. Hershey and Prairie Farms Dairy, Inc., for the use and benefit of the American Motorist Insurance Company, filed this complaint for contribution.

The original Claimants in case 83-CC-1892 filed a timely notice which, at the time of the filing of this complaint, was required within six months of the accident. That time limit has been subsequently modified to a one-year notice requirement. The accident in question occurred on March 11, 1982, in Sangamon County, Illinois. The Claimants in the companion case of 83-CC-1892 filed their complaint March 11, 1983. On August 3, 1983, the complaint for contribution was filed herein.

Subsequently, the Respondent filed a motion to dismiss the complaint for contribution, stating several grounds. Subsequent pleadings were filed by both the Claimant and the Respondent, and oral argument on the motion to dismiss was heard before the entire Court on May 7, 1986.

At the time the oral argument was held, there were several cases pending in various appellate courts concerning the issue of where contribution claims against the State would be heard. Subsequent to the oral argument, some of those cases were decided.

In the case of *Byron v. Village of Lyons* (1986), 148 Ill. App. 3d 1057, 500 N.E.2d 499, the appellate court held that a city's third-party claim for contribution against the State in a civil rights action was within the exclusive jurisdiction of the Court of Claims, notwithstanding any other language or authorization in the contribution act to the contrary. A thorough discussion was had by the Court affirming that the concept of sovereign immunity is still the law of the land in Illinois, as evidenced by the case of *S.J. Groves and Sons Co. v. State* (1982), 93 Ill. 2d 397, 444 N.E.2d 131, *rev'd on other grounds*. The Court also pointed out that even

when the State is not a named party, any action which would serve to control the State's actions or subject it to liability is considered to be a suit against the State. *Herget National Bank of Pekin v. Kenney* (1985), 105 Ill. 2d 405, 475 N.E.2d 863; *Brucato v. Edgar* (1984), 128 Ill. App. 3d 260, 470 N.E.2d 615.

The courts have consistently held that whether an action against the State is within the exclusive jurisdiction of the Court of Claims depends upon the issues involved and the type of relief sought. (*Ellis v. Board of Governors of State Colleges and Universities* (1984), 102 Ill. 2d 387, 466 N.E.2d 202.) The courts have consistently held that claims seeking money damages based on tort or contract theories clearly lie in the Court of Claims and not the circuit court. The *Lyons* court took all of this prior law into consideration prior to making its decision.

In the case of *Welch v. Stocks* (1987), 151 Ill. App. 3d 1, 503 N.E.2d 1079, the court held that the Court of Claims had exclusive jurisdiction over a county's third-party action against the State based on an underlying tort action involving an automobile accident.

Finally, the Appellate Court of Illinois, Third District, followed the holdings of the prior two courts in deciding that contribution actions against the State lie in the Court of Claims in the case of *Stephens v. Cozadd* (1987), 159 Ill. App. 3d 452, 512 N.E.2d.

Since the general thrust of the opinions of the appellate court of Illinois have been that contribution claims against the State of Illinois must be brought in the Court of Claims and not in the circuit court, we conclude that we have jurisdiction of this cause of action. This will cause an exception to the holding in *Laue v. Leifheit* (1984), 105 Ill. 2d 191, 473 N.E.2d 939, which held that

all causes of action for contribution must be asserted during the pendency of the original negligence action, rather than in a separate lawsuit. But since jurisdiction to hear cases against the sovereign must be heard in the Court of Claims, there is no other method of proceeding in a contribution claim against the State other than to file a separate claim in the Court of Claims.

The State's basis for its motion to dismiss basically consists of three arguments. First, that the Claimants in case 84-CC-0370 had not filed timely notice. Of course, the Illinois Court of Claims Act (Ill. Rev. Stat., ch. 37, par. 439.22—2) provides that cause shall be dismissed and forever barred in the Court of Claims if timely notice is not filed. In fact, this Court has held that in *Gossar v. Illinois* (1962), 24 Ill. Ct. Cl. 183, that the filing of a personal injury notice is a condition precedent to maintaining the suit, that it cannot be waived, and that the lack thereof is not cured by the filing of the complaint within the period set forth for the filing of complaints.

However, this Court must also take note of rulings of the Illinois circuit, appellate, and Supreme Court. In *Stephens v. McBride* (1982), 105 Ill. App. 3d 880, 435 N.E.2d 162, the Court held that the public policy underlying the right of contribution outweighs the underlying notice provisions of the Local Governmental and Governmental Employees Tort Immunity Act. That court held that the failure to comply with the notice provisions of the Act provides a bar only in direct suits against the local entity. That Court also ruled that substantial compliance with the notice provision of the Local Governmental and Governmental Employees Tort Immunity Act is sufficient, and that the notice requirement was to be liberally construed.

In *Stephens*, the court went on to rule that the alleged defect of the notice claim under the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat., ch. 85, par. 8—101), was secured by filing the complaint before the expiration of the time to file the notice. Finally, the court ruled that the notice provision of the Local Governmental and Governmental Employees Tort Immunity Act is not a condition precedent to bring the suit, but a limitation provision which can be waived.

Obviously, the notice provision of the Local Governmental and Governmental Employees Tort Immunity Act, as construed in *Stephens*, is considerably less stringent than the notice provision of the Court of Claims Act. However, the underlying reasons for the notice provision in both acts is to provide timely notice to the Defendant, or in the case of the Court of Claims action, the Respondent, so that an adequate investigation of the facts and underlying circumstances of the claim can be accomplished. In contribution actions arising out of a single tort, the defendant, or Respondent, may have notice of the underlying tort by the filing of notice by a separate plaintiff or Claimant. That is the case in this claim, in that William R. and Barbara Hershey filed a notice of intent to file a claim in their own action. Therefore, in this action, the State had actual notice of the underlying accident and had ample opportunity to conduct a thorough and complete investigation. This would not always be the case, however. There will be those cases in which an underlying tort has occurred, and the State never receives any notice from the original plaintiff or defendant in the civil court action. The first notice the State may receive is that of a defendant who has filed a third-party contribution action in the Court of Claims.

It should be noted that there are valid reasons for a notice requirement, especially as to the State of Illinois. The State's responsibility for its road system, and its government operations is much greater in scope than other potential governmental defendants within our State system.

Therefore, we have two issues as to the notice argument of the Respondent. The first issue is whether a notice must be filed in some, or all, cases by the parties seeking contribution from the State. The second issue is that if a notice must be filed, what should the time limit be that applies to such a notice. Since a defendant in a circuit court action may not be sued until two years after the accident or other tort, a one-year period in which that defendant would have to file notice of a contribution action against the State of Illinois would be long extinguished by the time they were made a party defendant.

We hold, consistent with our prior holdings, that a notice of intent to file a claim against the State of Illinois applies to contribution actions as well as to original actions. Therefore, the notice of intent to file a claim must be filed prior to the filing of the contribution complaint. It is a condition precedent, and it cannot be waived.

The cause of action in these cases will accrue or arise on the date of injury, not on the date of payment or payments made by the third-party plaintiff. But the right to contribution as of then would be in inchoate until sued. (See *Rakowski v. Lucente* (1984), 104 Ill. 2d 317, 472 N.E.2d 791.) As we already indicated, a party may be made a defendant some two years after the act, long after the time for notice has run. We therefore hold that a defendant or other party who wishes to bring a

contribution action against the State of Illinois in the Court of Claims must file a notice of intent to submit a claim within one year after becoming a party to the underlying action. In the present case, that would mean that the notice filed by William R. Hershey and Prairie Farms Dairy, Inc., in 84-CC-0370 would be timely if brought within one year of the time that William R. Hershey was made a party to an action or entered into a good faith settlement of the cause of action. Therefore, we hold that notice filed in this case was timely.

The second argument offered in the motion to dismiss is whether or not the release entered into between the insurance company and the other individuals was sufficient to release the State of Illinois from liability to those individuals. This would be required prior to allowing a contribution action against the State of Illinois. None of the releases in question specifically named the State of Illinois. Under the case of *Alsup v. Firestone Tire and Rubber Co.* (1984), 101 Ill. 2d 196, 461 N.E.2d 361, a release under the statute governing contribution among the joint tortfeasors does not discharge other tortfeasors from liability unless they were designated by name or otherwise specifically identified. Clearly, the releases in this case do not meet that criteria. The supreme court went on to make that ruling prospective.

However, in the case of *Trexler v. Chrysler Corporation* (1984), 104 Ill. 2d 26, 470 N.E.2d 300, the court ruled that releases with language similar to the language contained in the releases at issue here were not sufficient to release other tortfeasors, even though the releases were entered into prior to the ruling in *Alsup*. In *Alsup*, the court set forth the date of January 20, 1984, as the deadline beyond which all releases must specifically

state the tortfeasor in order to release them for purposes of contributions. All of the releases entered into the present case were executed prior to that date. The court in *Trexler* reasoned that because the petition for leave to appeal was pending when the opinion in *Alsup* was filed, the *Alsup* ruling would apply. In the *Trexler* case, the Court relied heavily on the fact that the case was pending before the supreme court at the time *Alsup* was decided.

In the present case, although the claim was pending before us at the time *Alsup* was decided, the motion to dismiss was not filed until December 6, 1985. Therefore, we hold that *Alsup* should apply and not *Trexler*. The releases in this case, having been executed before January 20, 1984, are sufficient to release the State of Illinois from underlying liability to the individuals themselves. Therefore, these releases are sufficient to allow a claim in contribution against the State pursuant to the Contribution Act (Ill. Rev. Stat. 1987, ch. 70, par. 302). We should note that any releases subsequent to January 20, 1984, if they do not name the State of Illinois specifically, will not be sufficient to allow a subsequent claim for contribution against the State.

Conclusion: We hold that a notice of intent to file a claim is a condition precedent to the filing of a claim of contribution in the Court of Claims. In order to be timely, the notice and intent must be filed within one year of the good faith settlement and execution of a proper release, or within one year of being made a party to an underlying civil lawsuit. We further hold that releases must specifically name the State of Illinois in order to allow for a claim of contribution, except for those releases which are otherwise sufficient and executed prior to January 20, 1984. We are not aware of

117

any cases which were pending on this issue before the Court of Claims at the time *Alsup* was decided, but if there were cases, we would have to reconsider our decision on those specific cases in the light of *Trexler*.

For reasons stated above, we hereby DENY the Motion to Dismiss filed by the Respondent and direct that this case shall be forwarded to the commissioner for further proceedings consistent with our order. We also direct that this case be published in the Court of Claims report, even though it is not a final opinion.