ESTATE OF STUART I. PESSIN, Deceased, as Represented by Donna Pessin, n/k/a Donna F. Spiegel, Ex'x, *et al.*, Plaintiffs-Appellants, v. THE STATE OF ILLINOIS *et al.*, Defendants-Appellees.

Fifth District    No. 5—98—0137

Opinion filed January 20, 1999.

Robert E. Wells, Jr., of Pessin, Baird & Wells, of Belleville, for appellants.

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, and Morton E. Friedman, Assistant Attorney General, of counsel), for appellees.

JUSTICE KUEHN delivered the opinion of the court:

The estate of Stuart I. Pessin (the Estate) originally filed its claim for damages against the State of Illinois, the Department of Transportation, and the Division of Highways in the Court of Claims. In an opinion filed on October 27, 1995, the Court of Claims ruled against the Estate and upheld that ruling on rehearing on March 27, 1997. The Estate then filed its petition for *certiorari* in the circuit court of St. Clair County, alleging due process violations in the Court of Claims process. The Estate appeals from the trial court's February 6, 1998, order dismissing its *certiorari* petition, concluding that the Estate's due process rights were fulfilled because it "was afforded hearings on the merits before the Court of Claims." We reverse and remand with directions.

Stuart I. Pessin, a Belleville attorney, died in a tragic motor vehicle accident on December 9, 1985, leaving behind a wife and two children. The accident occurred at 6 p.m., and it was raining. Rain had been falling for approximately one hour before the accident and one-tenth of an inch of rain had accumulated on the roadway, which meant that in the area of the accident, the water was pooling in a maximum depth of 1 to 1$\frac{1}{2}$ inches. Stuart I. Pessin's vehicle suddenly veered across the center line into oncoming traffic, colliding head-on with an-

other vehicle. This fatal accident occurred on Illinois Route 15 in St. Clair County. Illinois Route 15 was designed by the Illinois Department of Transportation (IDOT). Maintenance of the roadway was in accordance with IDOT standards.

Originally, the Estate sued construction companies that had been employed to maintain the roadway. During discovery, the Estate learned that all work had been done in compliance with IDOT standards. The Estate dismissed its claims against these construction companies and instead filed its claim against the State in the Court of Claims. The Estate's claim against the State and its agencies alleged several negligent acts or omissions in the design and construction of the roadway, a failure to correct the dangerous condition, a failure to restrict the speed on that section of roadway, and a failure to warn of the dangerous condition.

Two experts testified in the Court of Claims that Stuart I. Pessin's accident was consistent with hydroplaning. No one knows for certain how the accident occurred.

On appeal, the Estate contends that the Court of Claims effectively violated its due process rights in denying its claim for damages.

■ Our State's 1870 Constitution provided, "The State of Illinois shall never be made defendant in any court of law or equity." Ill. Const. 1870, art. IV, § 26. Subsequent to the 1870 constitutional enactment, the legislature established a Commission of Claims (1877 Ill. Laws 64 (§§ 1 through 8)) and then the Court of Claims (1903 Ill. Laws 140 (§§ 1 through 11); 1917 Ill. Laws 325 (§§ 1 through 14); 1945 Ill. Laws 660)), providing the means for claims to be filed against the State. The 1970 Constitution eliminated the above-referenced 1870 constitutional provision, and to eliminate all possible ambiguity about whether or not suits against the State were allowable, the 1970 constitutional drafters included a provision abolishing sovereign immunity except as provided by the General Assembly. Ill. Const. 1970, art. XIII, § 4; *Sass v. Kramer*, 72 Ill. 2d 485, 489, 381 N.E.2d 975, 976 (1978), citing 6 Record of Proceedings, Sixth Illinois Constitutional Convention 676-77. Shortly thereafter, the legislature reaffirmed the provisions allowing limited recovery against the State by amending the Court of Claims Act, effective on January 1, 1972, the same date that the sovereign immunity abolition section went into effect. Pub. Act 77—1777, approved August 17, 1971 (see Ill. Rev. Stat. 1973, ch. 37, § 439.1 *et seq.*).

■ The Court of Claims Act provides, "The court shall have exclusive jurisdiction to hear and determine *** [a]ll claims against the State for damages in cases sounding in tort, if a like cause of action would lie against a private person or corporation in a civil suit

\*\*\*." Ill. Rev. Stat. 1983, ch. 37, par. 439.8(d). In the Court of Claims, tort claimants can be awarded up to, but not exceeding, $100,000 in damages. Ill. Rev. Stat. 1983, ch. 37, par. 439.8(d). But awards over $2,500 are not executionable and are only valid to the extent that the General Assembly chooses to pass, and the Governor signs into law, an appropriate bill to honor the award. Ill. Rev. Stat. 1983, ch. 37, pars. 439.23, 439.24(e).

■ Review of a Court of Claims decision is limited by the Court of Claims Act and administrative law. The Court of Claims Act provides, "The court by rule may provide a procedure for review of a decision." Ill. Rev. Stat. 1983, ch. 37, par. 439.15. The only relief offered by the Court of Claims is a new trial. 74 Ill. Adm. Code § 790.240 (1996). Our supreme court has determined that the Court of Claims Act did not expressly proclaim the Court of Claims' exclusivity of review and that, therefore, a writ of *certiorari* could be filed in the courts, seeking review of an alleged constitutional due process violation. *Rossetti Contracting Co. v. Court of Claims*, 109 Ill. 2d 72, 78-79, 485 N.E.2d 332, 334-35 (1985).

■ An opportunity to be heard in a meaningful time and manner is a basic right guaranteed by our state constitution. Ill. Const. 1970, art. I, § 2; *Rossetti Contracting Co.*, 109 Ill. 2d at 78, 485 N.E.2d at 334. The Estate contends that it did not receive the requisite due process before the Court of Claims. In dismissing the Estate's *certiorari* petition, the trial court disagreed. We are asked to review the trial court's decision in this matter.

The trial court's decision was made as a matter of law. 735 ILCS 5/2—615(a) (West 1996). Consequently, our review is *de novo*. *Cree Development Corp. v. Mid-America Advertising Co.*, 294 Ill. App. 3d 324, 329-30, 689 N.E.2d 1148, 1151 (1997).

■ During oral argument before this court, counsel representing the State conceded that there could be a point where this court might conclude that the Court of Claims' decision was totally unreasonable and arbitrary with no basis in law or fact and further that the unreasonableness and arbitrariness of that decision resulted in a denial of due process.

The trial court did not review the Court of Claims' record, finding that the Estate's due process rights were satisfied by the fact that the Court of Claims actually held a hearing. At a minimum, we believe that the right to due process requires the trial court to review the record in order to make its determination of whether or not those rights were violated. Without reviewing the record at issue, the trial court cannot possibly determine whether or not the Court of Claims' decision was totally unreasonable and arbitrary with no factual or legal basis.

Accordingly, we reverse and remand the judgment of the circuit court of St. Clair County with directions to review the Court of Claims record and reconsider its decision.

Reversed and remanded with directions.

WELCH and CHAPMAN, JJ., concur.