(No. 94-CC-3723-

VANCOM MANAGEMENT SERVICES, INC. and HAYWOOD CARR, JR., Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed August 30, 1999.*

BOLLINGER, RUBBERY & GARVEY (WILLIAM J. ROGERS, of counsel), for Claimants.

JIM E. RYAN, Attorney General (JACQUELINE K. WILLIAMS, Assistant Attorney General, of counsel), for Respondent.

ORDER

JANN, J.

This cause comes on to be heard on Claimants' motion to vacate the court's order of dismissal entered April 20, 1999. Due notice having been given and the Court being fully advised in the premises finds:

Claimants' motion cites the Court's receipt of its reply to Respondent's motion to dismiss prior to entry of the order of dismissal. We apologize that Claimants' response was docketed on April 14, 1999, by the clerk but not forwarded to the Court prior to consideration of Respondent's motion and entry of the order of April 20, 1999. We hereby vacate our April 20, 1999, order for the purpose of consideration of Claimants' response in opposition to Respondent's motion to dismiss received by the clerk within the statutory period for response.

This cause seeks contribution from Respondents, State of Illinois and Cornerstone Services, Inc. for settlement of a wrongful death case in the Circuit Court of Cook County. Claimants Vancom and Haywood Carr, Jr. paid $450,000 to the decedent's estate's representative, American National Bank, pursuant to a settlement agreement dated December 5, 1997. Cornerstone Services, Inc., "a state-funded daycare and residential facility" (Claimants' complaint, count II, paragraph 1) named as a Respondent, paid $115,000 in settlement and release of the wrongful death action pursuant to a December 23, 1997, agreement and a Circuit Court of Cook County order entered November 13, 1997.

Claimant asserts a right to contribution from the State and Cornerstone commensurate with the relative degree of fault attributable to each Respondent. Respondent argues that Claimants have no right of contribution against the State of Illinois arising from its settlement with decedent's estate because the State was not specifically designated as a party or releasee in the settlement agreement. The State was specifically identified as a releasee in the Cornerstone settlement/release agreement. Claimants are not named parties in said Cornerstone agreement indicating the releases were not jointly agreed after proceeding to trial "between all parties with each named defendant contributing to the joint settlement" as alleged by Claimants' memorandum at page 7. The evidence before us indicates two explicitly individual releases which are notably different in format and content were executed by Vancom/Carr and Cornerstone to settle cause no. 93L08614. The releases do not indicate contribution by all parties defendant in 93L08614. Both the Circuit Court order of November 13, 1997, approving settlement and the releases of December 5, 1997, and December 23, 1997, refer to contribution by only Vancom/Carr and Cornerstone in actual payments to the decedent's estate and heirs. The Circuit Court's order further notes that the contribution actions of Claimants herein and Cornerstone pending in the Court of Claims were not barred and specifically reserved.

However, the Cornerstone release of December 23, 1997, which Claimants have introduced as an exhibit (B) to their memorandum raises several issues. First, Claimants reference a trial prior to the settlements at issue with "contribution" by defendants. Second, the release between Cornerstone and decedent's estate's administrator references that the "sums paid by and on behalf of Releasees are fair and reasonable sums constituting payment and full

satisfaction of the pro rata share of any and all liability that may be asserted against Cornerstone, Howe, State of Illinois * * * including all claims for contribution that may be asserted against these named defendants herein pertaining to the Illinois Contribution Act, 740 ILCS 100/0.01 *et seq.*" (Claimants' exhibit B, page 8, paragraph T). The Circuit Court's order also referenced voluntary dismissal of the contribution actions among Vancom/Carr and Cornerstone. Claimants' exhibit A, paragraph C.

The evidence before us indicates that proportionate liability was either ascertained by the trier of fact or agreed by the parties in the Circuit Court case underlying the actions herein and the releases subsequently signed by Claimants and Cornerstone to settle the wrongful death suit. The State of Illinois and Howe Development Center are specifically identified as releasees in the Cornerstone settlement/release, though the State was not a party defendant due to jurisdiction in the Circuit Court case. By Claimants' admission Vancom/Carr and Cornerstone paid damages to the same party, the administrator of decedent's estate, for specific considerations, both legal and monetary. We may not infer release of Respondent for the specific considerations tendered by Claimants in a clearly discreet and separate agreement from that executed by Cornerstone.

The Court of Claims has adopted *Alsup v. Firestone Tire and Rubber Co.* (1984), 101 Ill. 2d 196, 461, 351 for the precedent that a release must specifically discharge the State of Illinois as a joint-tortfeasor before a contribution action against the State may be entertained. *Hershey v. State* (1990), 43 Ill. Ct. Cl. 108, 115.

The record indicates Respondent was neither a named party nor released in Claimants' *pro rata* settlement/payment under *Alsup, Id.* and may not maintain a claim for contribution against Respondent.

Respondent's motion to dismiss is hereby granted upon the amended order of the Court.