NO. 4-05-0211

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

CEDRIC DUPREE,

          Plaintiff-Appellant,

          v.

RANDY PATCHETT, Judge of the Court of Claims,

          Defendant.

)

)

)

)

)

)

))

  Appeal from

  Circuit Court of 

  Livingston County

  No. 05MR20

  Honorable

  Harold J. Frobish,

  Judge Presiding.

_________________________________________________________________

JUSTICE TURNER delivered the opinion of the court:

On February 15, 2005, plaintiff, Cedric Dupree, filed a 
pro
 
se
 petition for 
mandamus
 against defendant, Court of Claims Judge Randy Patchett, asserting he was denied his right to due process because Judge Patchett had failed to rule on his petition and motions in case No. 93-CC-0339.  On February 16, 2005, 
the trial court dismissed 
sua
 
sponte
 defendant's petition, finding it lacked jurisdiction over the matter. 

Defendant appeals 
pro
 
se
, contending
 the trial court erred in dismissing his 
mandamus
 petition.  This court reviews 
de
 
novo
 a trial court's 
sua
 
sponte
 dismissal of a 
mandamus
 petition.  See 
Cannon v. Quinley
, 351 Ill. App. 3d 1120, 1127, 815 N.E.2d 443, 449 (2004).  We reverse the trial court's dismissal and remand for further proceedings.

Defendant had not received service of the petition at the time of the dismissal and thus is not a party to this appeal.
 Since this case does not have an appellee, we note that our responsibility does not include searching the record to sustain the trial court's judgment.  Further, if the appellant's brief demonstrates 
prima
 
facie
 reversible error and the contentions in the brief find support in the record, we may reverse the trial court's judgment.  See 
First Capitol Mortgage Corp. v. Talandis Construction Corp.
, 63 Ill. 2d 128, 133, 345 N.E.2d 493, 495 (1976) (addressing the situation where the appellee failed to file a brief).  Thus, in future cases, we recommend trial courts expressly state their reasons for the 
sua
 
sponte
 dismissal and cite authority in support of their reason.

As to this case, in 
Rossetti Contracting Co. v. Court of Claims
, 109 Ill. 2d 72, 75-76, 485 N.E.2d 332, 333 (1985), the plaintiff filed, in a trial court, a petition for writ of 
certiorari
 against the Court of Claims, asserting it had been denied due process during a Court of Claims proceeding in which a final decision was rendered.  The trial court dismissed the petition, finding it lacked jurisdiction but noting the plaintiff had not received an opportunity to be heard.  
Rossetti Contracting Co.
, 109 Ill. 2d at 76, 485 N.E.2d at 333.  Our supreme court noted the primary issue in the case was whether the Court of Claims judges' decision was subject to review by means of an extraordinary writ filed in a trial court.  
Rossetti Contracting Co.
, 109 Ill. 2d at 77, 485 N.E.2d at 333.  The court concluded the plaintiff had been deprived due process of law and a writ of 
certiorari
 was a proper method of reviewing the Court of Claim's decision under the facts presented.  
Rossetti Contracting Co.
, 109 Ill. 2d at 78-79, 485 N.E.2d at 334-35.  However, the court never expressly stated the trial court had jurisdiction to address the petition.

In reaching its conclusion in 
Rossetti Contracting Co.
, 109 Ill. 2d at 77, 485 N.E.2d at 334, the supreme court noted an analogous situation had arisen in 
People ex rel. Harrod v. Illinois Courts Comm'n
, 69 Ill. 2d 445, 372 N.E.2d 53 (1977).  There, the petitioner had filed, in the Supreme Court of Illinois, a 
mandamus
 petition against members of the Illinois Courts Commission (Commission), seeking expungement of the Commission's order that suspended the petitioner from his judicial duties for one month without pay.  
Harrod
, 69 Ill. 2d at 451, 372 N.E.2d at 55.  The Commission members argued the supreme court lacked jurisdiction because the Illinois Constitution provided such decisions were final (see Ill. Const. 1970, art. VI, §15(f)).  The court found its review did not contravene the constitutional mandate since it was addressing the Commission's constitutional authority to act, not the correctness of the Commission's determination.  
Harrod
, 69 Ill. 2d at 461, 372 N.E.2d at 60. 

Since 
Rossetti Construction Co.
, the appellate courts have addressed the propriety of trial court rulings on 
mandamus
 and 
certiorari
 petitions brought against the Court of Claims.  See 
Tanner v. Court of Claims
, 256 Ill. App. 3d 1089, 1092, 629 N.E.2d 696, 699 (1994) (holding dismissal of a 
certiorari
 petition that alleged a deprivation of due process was improper without an examination of the underlying record before the Court of Claims); 
Hyde Park Medical Laboratory, Inc. v. Court of Claims
, 259 Ill. App. 3d 889, 894, 632 N.E.2d 307, 311 (1994) (finding the trial court did not abuse its discretion by denying the plaintiff's 
mandamus
 petition against members of the Court of Claims since the plaintiff failed to demonstrate a clear right to relief).

Both the Court of Claims and the Commission are not  courts within the meaning of the judicial article of the Illinois Constitution (Ill. Const. 1970, art. VI) but instead are fact-finding bodies.  
Rossetti Contracting Co.
, 109 Ill. 2d at 78, 485 N.E.2d at 334.  Like the plaintiffs in 
Rossetti Construction Co.
 and 
Harrod
, plaintiff seeks review of a fact-finding body's alleged denial of due-process rights, not the correctness of the body's decision.  The fact Judge Patchett has allegedly not rendered a final decision in plaintiff's Court of Claims case does not make this case distinguishable since (1) due process requires the opportunity to be heard in a meaningful time and manner (
Armstrong v. Manzo
, 380 U.S. 545, 552, 14 L. Ed. 2d 62, 66, 85 S. Ct. 1187, 1191 (1965)) and (2) 
mandamus
 is a proper remedy to direct a judge to act when the judge has failed to do so (see 
Torres v. Walsh
, 98 Ill. 2d 338, 352, 456 N.E.2d 601, 608 (1983)).  Accordingly, we find the trial court did have jurisdiction over plaintiff's 
mandamus
 petition and thus reverse the trial court's 
sua
 
sponte
 dismissal.  However, our reversal does not suggest this claim may not be the proper subject of dismissal or denial in further proceedings.

For the reasons stated, we reverse the trial court's judgment and remand for further proceedings.

Reversed and remanded.

STEIGMANN, J., concurs.

COOK, P.J., specially concurs.

PRESIDING JUSTICE COOK, specially concurring:

The trial court should not have dismissed this case, 
sua
 
sponte
, before service.  See 
People v. Ryburn
, No. 4-04-0836, slip op. at 13 (November 4, 2005) (Cook, P.J., dissenting).  We have given more thought to this case than did the trial court.  That seems backward.