(No. 13175.—Judgment affirmed.)

Isaac N. McDonald, Plaintiff in Error, *vs.* Road District No. 3 in Pope County, Defendant in Error.

*Opinion filed April 21, 1920.*

1. Highways—*petition for new road need describe only its general course.* The office of the petition for a new highway is to describe the general course of the proposed road, and the order of the commissioners should fix the particular route.

2. Same—*when record is sufficient to show proper notices were posted to lay out a new road.* On appeal from a judgment of the circuit court quashing a writ of *certiorari* which was sued out to review the record of the highway commissioners in laying out a highway, the record is sufficient on the question of the posting of the statutory notices to give the commissioners jurisdiction where it sets out the form of the notice, which complies with the law in every particular, and both the final and preliminary orders filed with the clerk of the road district specify that notices were posted in three of the most public places in the district in the vicinity of the proposed road.

3. Same—*a substantial compliance with statute is sufficient for laying out highway.* A substantial compliance with the requirements of the statute in the laying out or establishing of a road is all that is required, where nothing is omitted which is fundamental.

4. Same—*what is a substantial compliance with statute requiring filing of memorandum of commissioners' decision with district clerk.* In a proceeding on a petition to lay out a highway there is a substantial compliance with section 76 of the Roads and Bridges

act, requiring the filing of a memorandum of the decision of the commissioners with the district clerk within five days, where the resolution itself is filed within that time, although the resolution, or a memorandum thereof, was not indorsed upon the petition nor appended to it.

5. SAME—*a hearing on certiorari must be had on the record as returned.* Where a record is certified to a court of review under a common law writ of *certiorari,* the matter to be determined is whether or not the inferior tribunal had jurisdiction or whether it exceeded its jurisdiction or otherwise proceeded in violation of law; and the hearing in the circuit court on a writ of *certiorari* to review the proceedings of highway commissioners in laying out a proposed road must be had on the record of the proceedings as returned, and oral evidence cannot be heard to aid or contradict the record.

6. SAME—*land owner cannot object to plat of proposed road on certiorari record in circuit court.* On a writ of *certiorari* to review the record of proceedings of highway commissioners in laying out a proposed highway, land owners cannot question the accuracy of the plat shown in the record nor object that the survey contains error, as the only subject for review is the record.

WRIT OF ERROR to the Circuit Court of Pope county; the Hon. A. W. LEWIS, Judge, presiding.

H. A. EVANS, for plaintiff in error.

JOHN W. BROWNING, for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error, with others not joining here, sued out a writ of *certiorari* in the circuit court of Pope county to review the record of the highway commissioners of road district No. 3, in Pope county, relative to the laying out of a certain highway in said district. The circuit court on full hearing quashed the writ of *certiorari.*

Plaintiff in error, who is one of the land owners over whose land the proposed road is located, contends that the highway commissioners of said district were without jurisdiction in the matter of laying out the proposed new road at the time the same was attempted to be done and assigns

numerous reasons therefor. His first objection is that the petition filed by the land owners with the highway commissioners is insufficient in its description of the proposed road. Section 75 of the Road and Bridge act describes the requisites of such petition in the following language: "Said petition shall set forth a description of the road and  *  *  * the names of the owners of land, if known, and if not known it shall so state, over which the road is to pass, the points at or near which it is to commence, its general course, and the place at or near which it is to terminate." The petition in the instant case fixes the point of beginning as "1483 feet south and 1852 feet east from the northwest corner of section 35," giving township, range, etc. The petition then describes the direction by degrees and minutes and the distances which the road shall follow and extend, and all changes in direction are so indicated. The petition then states that the road is to terminate "at a point 1358 feet north of the southwest corner of the southeast quarter of section 33," in said township. The petition also prays that the road to be laid out be one of a width of 40 feet, the center line of which road was to be the line in the petition described. The office of the petition is to describe the general course of the proposed road, and the order of the commissioners fixes the particular route. (*Shinkle* v. *Magill,* 58 Ill. 422.) We are of the opinion the petition not only sufficiently but very definitely describes the proposed road.

It is also urged that the record contains no legal evidence that proper notices were posted to give the commissioners jurisdiction to lay out the road. An examination of the record as to both the preliminary and the final hearings discloses concerning the notices given, that the same were posted more than ten days previous to the date of the meeting, in the following manner: "By posting notices in three of the most public places in said road district in the vicinity of the road proposed in the petition, the said notices so posted having been in the exact words and figures de-

scribed." The record also sets out the form of notice, which notice complies with the law in every particular. The posting of these notices is a positive requirement of the statute and must be complied with, and the question is whether or not there is in the record sufficient evidence of compliance. Both the final and preliminary orders filed with the clerk of the road district particularly specify that notices were posted in three of the most public places in the district in the vicinity of the road proposed in the petition, and a copy of the notice is made a part of that record. It was held in *Shinkle* v. *Magill, supra,* where this question arose on a similar record, that the statement in the record that the notices were posted in three of the most public places of the district constituted sufficient proof of that fact. The same rule is laid down in *Frizell* v. *Rogers,* 82 Ill. 109. We are of the opinion that the record is sufficient on the question of notice, and the contention of the plaintiff in error can not prevail.

It is also contended that the commissioners lost jurisdiction of this matter by not indorsing upon the petition or annexing thereto a brief memorandum, as required by the statute, stating that the petition had been granted, and in not filing the same with the clerk within five days after their decision. Section 76 of the Road and Bridge act requires that such a memorandum of decision shall be filed within five days of the date thereof. The record shows that a preliminary meeting was held on October 1 at the house of the clerk of the district. The record made on October 1 contains the resolution ordering that the public road be laid out, and contains a recital of a public announcement thereof by the president of the board of highway commissioners, as required by law. The entire record, including the resolution, appears to have been signed by the highway commissioners and also by the district clerk on October 1, the date the resolution was adopted. While the record does not show that this resolution, or a memorandum thereof, was

indorsed upon the petition or appended to it, yet it is evident from the record that it was made in connection with the petition and filed with the district clerk on the day on which it was made. In *Town* v. *Town of Blackberry*, 29 Ill. 137, it was held that a substantial compliance with the requirements of the statute in the laying out or· establishing of a road is all that is required, where nothing is omitted which is fundamental. So in *McManus* v. *McDonough*, 107 Ill. 95, it was held that the requirement that the highway commissioners publicly announce their decision should be construed as directory, the plain object of the statute being to prevent delay in disposing of the matter and afford parties in interest an opportunity to appeal in the time limited, and that such provision should be regarded as directory unless its omission could be seen to have defeated the purposes of its enactment. We are of the opinion that in the present case there has been a substantial compliance with the statute with reference to filing the memorandum of the decision of the highway commissioners with the district clerk within five days. In fact, not merely a memorandum of this decision was filed within five days but the resolution itself was filed on the day on which it was passed. The record discloses that the final meeting concerning the road was had December 1, and the final order at that time made was filed with the district clerk on December 6. This is in compliance with the statute, and the record is therefore not open to the objection of plaintiff in error.

Plaintiff in error also objects that the plat and survey ordered by the commissioners was insufficient, and did not furnish sufficient knowledge to the land owners over whose land the proposed roadway was located to enable them to determine the amount of land to be taken, and for that reason plaintiff in error was unable to determine the amount of damages he would be entitled to, and that the record shows no plat. The record of the highway commissioners of October 1 shows that the highway commissioners ordered

that a survey and plat of such road be made by Walter Jackson, who is there stated to be a competent surveyor, and by that order he was employed to make such plat and survey. The record of the meeting on December 1, 1917, also shows that a proper survey and plat of the road had been made and filed with the clerk of the district and approved by the board of commissioners. When a record is certified to a court of review under a writ of *certiorari,* the only matter to be determined is whether or not the inferior tribunal had jurisdiction, or whether it exceeded its jurisdiction or otherwise proceeded in violation of law. These issues cannot be tried on allegations contained in the petition for the writ or on facts not contained in the record. In actions of this character the hearing must be had on the record of the proceedings as returned, and oral evidence cannot be heard to aid or contradict the record. *Commissioners of Highways* v. *Smith,* 217 Ill. 250; *Troxell* v. *Dick,* 216 id. 98; *Whittaker* v. *Village of Venice,* 150 id. 195; *McManus* v. *McDonough, supra; Commissioners of Highways* v. *Supervisors of Carthage,* 27 Ill. 140.

The record shows that a plat was made. The notes of the survey have been made a part of the record returned under the writ of *certiorari.* Whether or not the plat is accurate or whether or not the survey contains error is not a matter that can be reached on writ of *certiorari,* where the only subject for review is the record. We are of the opinion, therefore, that this objection of plaintiff in error cannot obtain.

On an examination of the entire record we are of the opinion that the circuit court did not err in quashing the writ of *certiorari.* The judgment of the circuit court will therefore be affirmed.

*Judgment affirmed.*