(No. 15487.—Reversed and remanded.)

C. M. HINE *et al.* Appellees, *vs.* HUGH ROBERTS, Commissioner of Highways, *et al.* Appellants.

*Opinion filed October 20, 1923.*

1. HIGHWAYS—*substantial compliance with statute is all that is required in laying out road.* A substantial compliance with the requirements of the Road and Bridge act in laying out or establishing a road is all that is required, but nothing should be omitted which is fundamental.

2. SAME—*when final order after arbitration hearing is sufficient for laying out road—notice.* Where the township highway commissioners are unable to agree upon the laying out of a road on the township line between two towns, the statute provides that the county superintendent of highways may act either on appeal or as arbitrator upon a reasonable notice of the disagreement, and a final joint arbitration order signed by the county commissioner and by the commissioner of one of the towns and filed with the town clerk of each town within five days of the arbitration hearing is sufficient to render the record valid on *certiorari.*

3. CERTIORARI—*limit of inquiry on a common law writ of certiorari.* Under a common law writ of *certiorari* the only matter to be determined is whether or not the inferior tribunal had jurisdiction or whether it exceeded its jurisdiction or otherwise proceeded in violation of law, and these issues cannot be tried on allegations contained in the petition for the writ or on any facts except on the record of the proceedings as returned.

4. SAME—*omission of a party in proceeding to lay out road is not fatal on certiorari.* On *certiorari* to review proceedings for laying out a road one land owner cannot object because of failure to notify another, as the omission of a party is not a jurisdictional defect in *certiorari* proceedings.

APPEAL from the Circuit Court of Saline county; the Hon. A. E. SOMERS, Judge, presiding.

W. C. KANE, and W. W. WHEATLEY, for appellants.

CHARLES H. THOMPSON, and K. C. RONALDS, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

A petition was filed August 1, 1921, by certain property owners of the town of Cottage and the town of Harrisburg, in Saline county, addressed to the commissioners of highways of the two towns, seeking to have a forty-foot road laid out on the township line between the two towns. On September 29, 1922, the highway commissioners of the two towns met to hear reasons for and against the petition but were unable to agree, one favoring the granting of the petition and the other opposing it. Afterward, on October 27, 1922, the county superintendent of highways entered an order laying out the road. Because of the alleged improper and illegal action taken by the county superintendent and of other alleged improper steps in the various proceedings, a petition for writ of *certiorari* was presented to the circuit court and the writ was ordered. The town clerks of the two towns and the highway commissioner of the town of Cottage made returns of the original papers filed in the proceedings. There was a judgment in the trial court quashing the road proceedings, and costs were taxed against the respondents, appellants here, from which judgment an appeal was prayed, and the case is now here for review.

The petition for *certiorari* sets out the foregoing matters and represents that the order of the county superintendent of highways is void because that official did not act as an arbitrator, as required by law, when the two highway commissioners were unable to agree. It also represents that although the county superintendent gave a purported notice of a hearing to be held on October 27, 1922, at ten o'clock A. M., prior thereto it was understood such hearing would be continued, and a large number of interested tax-payers were misled and did not appear; that the county superintendent did not appear at the time specified but at a later hour, and did not go over the route of the proposed road at the time specified in the notices, but, on the contrary, held an election and submitted the question of establishing

the road to certain bystanders without the usual formalities and safeguards of an election, and after calculating the number of bystanders who were for or against such proposition, announced his decision; that there was a purported appeal, in which it was alleged that the highway commissioners of the two townships refused to grant the prayer of the petition, which was not according to the facts, as one of the commissioners did wish to grant the prayer, and in such case the law does not provide for an appeal to the county superintendent of highways. It is also alleged that as to certain of the lands over which the proposed road was to pass, all parties having any right, title and interest were not notified, as required by law, nor were all interested persons made parties, and that no damages have been awarded to the interested persons who did not receive notice; that certain purported orders, judgments and verdicts set out in the final order of the county superintendent of highways laying out the road do not correspond with the order and judgment of the court with regard to the awarding of damages to unknown persons and the appointment of a guardian *ad litem* to represent such unknown owners.

Under a limited appearance the respondents, appellants here, moved to dismiss the petition for *certiorari*. It was recited that reason No. 1 set up in the petition should be stricken because it showed on its face that one of the commissioners at the final hearing granted the prayer of the petition, for the reason that the appeal proceedings in the first instance, which culminated in the final order of the county superintendent of highways, was, in effect, an arbitration. Reason No. 2 should be stricken because the petition showed on its face that there was no ground for continuance, and the fact that tax-payers might be misled for unknown reasons would not be material, and that a tax-payer is not a proper party to complain in a *certiorari* proceeding; that the statute does not require that the county superintendent of highways shall go over the route of a pro-

posed road, and that the statement as to the county superintendent submitting the question of granting the road to bystanders is a matter *dehors* the record. Reason No. 3 should be stricken because the petition showed that one commissioner refusing and one granting the prayer of the petition was tantamount to a refusal to grant the road, and in such case the law provides for an appeal to the county superintendent of highways, which was had. Reason No. 4 should be stricken because one land owner cannot object to an irregularity which concerns only the interests of others, and that the same refers to matters *dehors* the record.

The proposed highway was surveyed and a jury assessed damages of the different land owners over whose land the road was to pass. There was a contract of inducement signed by certain property owners for the total amount of damages and costs, and there were also releases by property owners filed.

It will be seen that there was a final hearing before the two highway commissioners on September 29, 1922, which resulted in a disagreement as to the road being laid out, and that certain persons petitioned the county superintendent of highways to reverse the decision refusing to grant the prayer of the petition for laying out the road, and notice of such appeal was filed with the respective town clerks and the county superintendent of highways, and the county superintendent gave notice, dated October 17, 1922, to the tax-payers of a hearing before himself on October 27, 1922, which notice was posted, and the final order was entered October 27, which recited the preceding steps and the assessment of damages. A survey and plat of the surveyor were attached, and the road was ordered established along the route indicated. A motion for continuance was filed by Oscar Thomas and Charles Hine and denied by the county superintendent before the order laying out the road was made. Subsequently, on November 1, 1922, Hugh Roberts, the highway commissioner for Harrisburg, entered an order

reciting the former proceedings and the order of the county superintendent, which is designated in said order an arbitration and a confirmation of the highway commissioners' decision rendered September 29, 1922, and the order also stated that the only exception to the final order of the county superintendent is that the same incorrectly states the hearing as being at 10:20, whereas the hearing was at 10:00 o'clock. The order also recited the posting of the notice as to the final order and the other steps in the proceedings, and stated that whereas the construction of sections 99, 100 and 101 of the Road and Bridge act is doubtful, further notice is given the county superintendent of the disagreement, so that if there were any legal defects in the arbitrator's decision of October 27, 1922, the same might be removed by another meeting. An arbitration notice was given by the county superintendent of a hearing on November 6, 1922, to arbitrate the disagreement. A copy of this notice was left with the wife of the highway commissioner of the town of Cottage, R. E. McCormick, November 5, 1922, and information was given him over the telephone of said notice. On November 6, 1922, an order was entered by the county superintendent in pursuance of the arbitration notice, directing the highway commissioners of the two towns to adopt the decision of the county superintendent, and this order was filed with the town clerks. In our judgment this order of the county superintendent was adopted, being signed by Hugh Roberts, the other highway commissioner refusing to sign. The order is signed by the county superintendent and Roberts, and a statement is made by the county superintendent setting up the fact of the refusal of commissioner Mc-Cormick to sign, and directing that the order signed by Roberts and himself be filed with the town clerks and be considered the final order. Affidavits were filed by O. G. Thomas and C. M. Hine as to said orders and the understanding as to a continuance, both affidavits stating that affiants were present at 10:00 o'clock on October 27, 1922,

and that the county superintendent was not present at that hour, and the affiants made no effort to have other persons present, understanding there was to be a continuance.

The first action taken after the disagreement of the two commissioners of highways was an appeal. There was afterward an attempt to comply with the law, which provides for arbitration in case of disagreement, and a further hearing was had, which was called an arbitration, and the legality of such proceedings is one of the principal issues in this case. Sections 99, 100 and 101 of the Road and Bridge act are the principal provisions as to the laying out of a road on a township line by two or more towns, and none of those sections specify the details of procedure or the circumstances which must exist preliminary to an arbitration or appeal. All that is stated as to appeals is in section 99, that "all appeals hereinbefore provided for may likewise be taken to the county superintendent of highways." Section 77 of the same act provides that "in case the commissioners of highways shall deny the prayer of the petition, any three of the petitioners may appeal from such decision to the county superintendent of highways," etc. Such decision of the county superintendent shall be regarded as a preliminary decision upon the advisability of such improvement, and shall be subject to revocation as provided in a later section. After the jury has assessed damages there may be an appeal to the county or circuit court by any person interested in the verdict. After the question of damages has been settled, the commissioner of highways, or the county superintendent of highways, as the case may be, shall hold a public hearing, at which he shall hear and consider reasons for or against the proposed laying out of such road, at which he shall announce his final decision. Section 91 provides for the filing, by any person interested, of an appeal to the county superintendent of highways, and within twenty days the county superintendent is required to decide, and his final order must be

filed with the town clerk within five days thereafter. If the county superintendent decides against the advisability of laying out the proposed road, that decision has the effect of annulling all proceedings, assessments, releases or agreements.

It would appear from a reading of the above references that there is ample provision for appeal and no provision for arbitration except where the road is to be built on the township line, and in the provisions as to roads to be built on township lines there is also a provision for appeal, but it is by way of reference to preceding sections. It would seem to be apparent that the legislature intended to provide for appeals in all matters of building roads on, and not on, township lines, but in case of roads on township lines there might arise a disagreement between commissioners or others interested, and because of the co-ordinate jurisdiction, where logically no final authority could be lodged in a single commissioner the county superintendent of highways is empowered to act as an arbitrator. No particular time is provided within which arbitration shall be had. It is agreed that the petition and proceedings in the first instance were regular and the prayer of the petition was granted August 13, 1921, both commissioners indorsing on the back of the petition the statement that they "respectively grant the prayer of the within petition." In September, 1922, they made their separate announcements, one granting and one refusing the prayer of the petition. The appeal of October 6, 1922, was by nine land owners interested in land over which the road would pass and who were persons who favored the laying out of the road, and their appeal to the county superintendent of highways was to reverse the decision refusing to grant the prayer of the petition. Whether or not this was an attempt to exercise the right given by section 77, which permits three or more petitioners to appeal to the county superintendent of highways, it was, in fact, a compliance with that section. The only action by individuals who were

opposed to the laying out of the road, or at least favored the denial of the petition for the time being, was that of two persons who moved for a continuance so that further information might be obtained, this motion being denied. The appeal filed by the nine property owners was treated as an appeal, and a decision as on appeal was rendered by the county superintendent of highways on November 1, 1922, affirming the order of the highway commissioner granting the prayer of the petition for laying out the road. It was on this same date that appellant Roberts, whose decision was on that date confirmed, served notice and asked for arbitration, and an arbitration hearing was had on November 6, 1922, for the purpose, as was stated, of curing any previous legal defects and to comply with the provision as to arbitration where the road was to be constructed on a township line. As contended by appellants, we think the hearing as to the appeal and arbitration was within a reasonable time. Nothing that has been pointed out, we think, shows any irregularity as to the appeal proceedings, except as to the time of filing the final order. Of the nine property owners appealing, some lived in the town of Harrisburg and some in the town of Cottage, so that the difference would not appear to have arisen out of any question which arrayed the owners of lands in the respective townships against each other, nor was there a conflict along the same line between the highway commissioners themselves to decide adversely to the property owners in one township or the other. Even after the decision of the county superintendent of highways as an arbitrator where the road proposed is on a township line, the statute provides a remedy by appeal for property owners who may be dissatisfied with the decision.

A substantial compliance with the requirements of the statute in laying out or establishing a road is all that is required, where nothing is omitted which is fundamental. (*McDonald* v. *Road District,* 292 Ill. 386.) A number of

matters are set up and are sought to be made a part of the record here as to what took place at the time of the hearing, the giving of notice, etc., which cannot be considered. On review of a writ of *certiorari* the only matter to be determined is whether or not the inferior tribunal had jurisdiction, or whether it exceeded its jurisdiction or otherwise proceeded in violation of law, and these issues cannot be tried on allegations contained in the petition for the writ or on any facts except on the record of the proceedings as returned. (*McDonald* v. *Road District, supra; Conover* v. *Gatton,* 251 Ill. 587; *McKeown* v. *Moore,* 303 id. 448; *Bell* v. *Mattoon Waterworks Co.* 235 id. 218; *Mason and Tazewell Drainage District* v. *Griffin,* 134 id. 330; Harris on Certiorari, secs. 132, 258.) While the law makes the county superintendent of highways the proper official to arbitrate a disagreement between two commissioners as to the laying out of a road, no procedure is prescribed as to who shall give the notice or as to the notice itself, in the absence of which specifications a reasonable notice should be held sufficient. There was a final order by the county superintendent of highways as to both hearings on October 27 and November 6, 1922, respectively, and the order of the later date was joined in by the highway commissioner in favor of granting the petition. We think this was sufficient. (*Wright* v. *Highway Comrs.* 145 Ill. 48.) The joint order was filed in one town clerk's office November 6 and in the other November 8, which is within five days of the hearing which is designated as the hearing on arbitration but is not within five days of the one designated as on appeal.

What we have heretofore said as to other matters *dehors* the record applies also to the argument as to persons whose rights and interests have not been adjudicated because they have not been made parties. In *certiorari* proceedings one land owner may not object because of failure to notify another owner. (*Deslauries* v. *Soucie,* 222 Ill. 522; *Scheiwe*

v. *Holz*, 168 id. 432.)    The omission of a party is not a jurisdictional defect in *certiorari* proceedings.    (11 Corpus Juris, 104.)    In view of the fact that we hold the omission of a party is not a jurisdictional defect, it is unnecessary to pass upon the question if such an interest be only by way of contingent remainder or other remote interest.

The judgment of the circuit court will be reversed and the cause remanded, with directions to dismiss the petition and quash the writ.

*Reversed and remanded, with directions.*

---

(No. 14977.—Judgment affirmed.)
THE CITY OF CHICAGO, Appellee, *vs.* THE CHICAGO CITY RAILWAY COMPANY, Appellant.

*Opinion filed October 20, 1923.*