GERRARD E. TANNER, Plaintiff-Appellant, v. COURT OF CLAIMS *et al.*, Defendants-Appellees.

Fourth District   No. 4—93—0209

Argued November 16, 1993.—Opinion filed February 3, 1994.

James A. Martinkus (argued), of Erwin, Martinkus, Cole & Ansel, of Champaign, for appellant.

Roland W. Burris, Attorney General, of Chicago (Rosalyn B. Kaplan, Solicitor General, and William K. Blanchard, Assistant Attorney General (argued), of counsel), for appellees.

JUSTICE KNECHT delivered the opinion of the court:

Plaintiff filed suit in the Court of Claims alleging the University of Illinois breached its contract with him when it failed to award him a Ph.D. The claim was denied and plaintiff sought a writ of *certiorari* from the circuit court contending his due process rights were violated by the Court of Claims during its deliberative process. On motion of the defendants, the petition for issuance of the writ was dismissed. On appeal, plaintiff contends the trial court erred in dismissing the petition prior to examining the record of proceedings made before the Court of Claims. Because we agree the petition was improvidently dismissed we decline, with one exception, to address the substantive issues plaintiff raises concerning the merits of the alleged due process violations committed by the Court of Claims.

This tortuous litigation began in 1975 when plaintiff filed a two-count complaint against the University of Illinois (University) after it refused to award him a Ph.D. in business. Plaintiff sought an order of *mandamus* directing that the University issue the degree and monetary damages. On appeal from the dismissal of both counts, this court reversed the *mandamus* count but affirmed the dismissal of the money damages claim on the basis that such an award could only be made by the Court of Claims. *Tanner v. Board of Trustees of the University of Illinois* (1977), 48 Ill. App. 3d 680, 363 N.E.2d 208 (*Tanner I*).

On remand, the circuit court concluded *mandamus* would not lie because plaintiff failed to demonstrate the University acted maliciously or in bad faith or that it arbitrarily and capriciously refused to award the degree. That decision was affirmed on appeal. *Tanner v. Board of Trustees of the University of Illinois* (1984), 121 Ill. App. 3d 139, 459 N.E.2d 324 (*Tanner II*).

Following our opinion in *Tanner II*, plaintiff commenced this action in the Court of Claims alleging breach of contract. Although an evidentiary hearing before a commissioner was held in 1986, the report and recommendation of the commissioner to the full Court of Claims was lost. By motion, plaintiff sought the commissioner's original trial notes and all notes used in the preparation of the missing report. The Court of Claims denied this motion and the commissioner apparently prepared a substitute report since he did not retain a copy of his original. On May 9, 1989, approximately 2 1/2 years after the original hearing, plaintiff's claim was denied.

Plaintiff then filed his petition for writ of *certiorari* in Champaign County, which was transferred to Sangamon County on defendants' motion for change of venue on March 3, 1992. The single-count petition alleged plaintiff was entitled to access to the original notes of the hearing commissioner, the Court of Claims failed to address six specific issues plaintiff raised, and the Court of the Claims decision relied upon an incorrect standard of proof.

Defendants filed a motion to dismiss which the circuit court granted. In so doing, the court concluded that although plaintiff was alleging a violation of due process rights, in reality, he was seeking a prohibited review of the merits of the underlying decision of the Court of Claims. Except for the decision of the Court of Claims and several other short documents attached as exhibits to the petition, none of the record before the Court of Claims was ever filed or made a part of the circuit court proceedings.

Plaintiff's initial contention is the trial court's ruling cannot be sustained because there was no record from the Court of Claims filed in the circuit court for the court to review to determine whether plaintiff's due process rights were violated. We agree.

■■ The principles applicable to *certiorari* practice have been set forth by the supreme court. Most recently, the court stated:

"The common law writ of *certiorari* was developed to provide a means whereby a petitioner who was without avenue of appeal or direct review could obtain limited review over action by a court or other tribunal exercising quasi-judicial functions. [Citation.] The purpose of the writ was, and is, to have the entire record of the inferior tribunal brought before the court to determine, from the record alone, whether that body proceeded according to the applicable law. If the circuit court, on the return of the writ, finds from the record that the inferior tribunal proceeded according to law, the writ is quashed; however, if the proceedings are not in compliance with the law, the judgment and proceedings shown by the return will be quashed." (*Stratton v. Wenona Community Unit District No. 1* (1990), 133 Ill. 2d 413, 427, 551 N.E.2d 640, 645.)

When confronted with a complaint for common law *certiorari*, the court has only two powers, mainly, to quash the proceeding or to quash the writ and dismiss the petition. (*People ex rel. Nelson Brothers Storage & Furniture Co. v. Fisher* (1940), 373 Ill. 228, 230, 25 N.E.2d 785, 786.) The issues cannot be tried on allegations contained in the petition or on any facts except on the record of the proceedings as returned. (*Hine v. Roberts* (1923), 309 Ill. 439, 447, 141 N.E. 166, 169.) Addressing the confusion that sometimes accompanies the terminology of *certiorari* proceedings, one text offers the following:

"The terms 'quashal' and 'dismissal' are used interchangeably; but a distinction has been made between quashing or dismissing the writ and superseding it, in that the writ is quashed or dismissed only after the return has been made, while it is superseded before the return.

In other words, according to this distinction, after the return of the writ the proper practice is to move to quash or dismiss the writ; but, although the writ has been served, if it has not been returned, it is not before the court and cannot be quashed, and the proper practice is to move to supersede it." (14 C.J.S. *Certiorari* § 73, at 107 (1991).)

Where a plaintiff brings into issue the alleged violation of his procedural and substantive rights, the petition is not subject to dismissal, as such issue cannot be determined as a matter of law upon the bare allegations of the petition. 14 C.J.S. *Certiorari* § 76, at 111 (1991).

The common theme in each of these principles is that the record from the inferior tribunal must normally be made a part of the trial court record for the court to review. In this case, the record before the Court of Claims was never filed in the circuit court because the petition for writ of *certiorari* was dismissed before the writ was ever issued.

■ We recognize the issuance of a writ of *certiorari* is within the discretion of the court (*Stratton*, 133 Ill. 2d at 428, 551 N.E.2d at 646) and there may be instances when the writ is properly denied if, as a matter of law, the court is able to determine plaintiff cannot prevail or he is not entitled to the review he seeks. (See *Deslauries v. Soucie* (1906), 222 Ill. 522, 524, 78 N.E. 799, 800.) In this case, dismissal would have been proper if the only claim plaintiff made was based on the failure of the Court of Claims to turn over the hearing commissioner's notes. These materials are not subject to disclosure to plaintiff. *Starnawski v. License Appeal Comm'n* (1981), 101 Ill. App. 3d 1050, 1053, 428 N.E.2d 1102, 1106; see also *Fayerweather v. Ritch* (1904), 195 U.S. 276, 306-07, 49 L. Ed. 193, 213, 25 S. Ct. 58, 67; *United States v. Morgan* (1941), 313 U.S. 409, 422, 85 L. Ed. 1429, 1435-36, 61 S. Ct. 999, 1004-05.

■ However, plaintiff also alleges the Court of Claims failed to answer or resolve six specific issues which he raised to support the breach of contract claim and applied the wrong standard of review. Whether plaintiff was subject to a deprivation of due process for these reasons is not susceptible of resolution without an examination of the underlying record before the Court of Claims. For example, from the limited pleadings in the record before us, it is impossible to

determine the nature, extent, and terms of the alleged contract which the University supposedly breached.

The parties agree the appropriate scope of review by the circuit court is that articulated by the supreme court in *Rossetti Contracting Co. v. Court of Claims* (1985), 109 Ill. 2d 72, 78-79, 485 N.E.2d 332, 334. On remand, the circuit court is directed to issue the writ and, upon its return by the Court of Claims, to determine whether the alleged due process violations are supported by the record of proceedings from the Court of Claims.

For the foregoing reasons, the judgment of the circuit court of Sangamon County is reversed and remanded for further proceedings.

Reversed and remanded with directions.

COOK and GREEN, JJ., concur.