CEDRIC DUPREE, Plaintiff-Appellant, v. RANDY PATCHETT, Judge of the Court of Claims, Defendant.

Fourth District   No. 4—05—0211

Opinion filed November 4, 2005.

COOK, P.J., specially concurring.

Cedric Dupree, of Pontiac, appellant *pro se*.

JUSTICE TURNER delivered the opinion of the court:

On February 15, 2005, plaintiff, Cedric Dupree, filed a *pro se* petition for *mandamus* against defendant, Court of Claims Judge Randy Patchett, asserting he was denied his right to due process because Judge Patchett had failed to rule on his petition and motions in case No. 93—CC—0339. On February 16, 2005, the trial court dismissed *sua sponte* defendant's petition, finding it lacked jurisdiction over the matter.

Plaintiff appeals *pro se*, contending the trial court erred in dismissing his *mandamus* petition. This court reviews *de novo* a trial court's *sua sponte* dismissal of a *mandamus* petition. See *Cannon v. Quinley*, 351 Ill. App. 3d 1120, 1127, 815 N.E.2d 443, 449 (2004). We reverse the trial court's dismissal and remand for further proceedings.

Defendant had not received service of the petition at the time of the dismissal and thus is not a party to this appeal. Since this case does not have an appellee, we note that our responsibility does not include searching the record to sustain the trial court's judgment. Further, if the appellant's brief demonstrates *prima facie* reversible

error and the contentions in the brief find support in the record, we may reverse the trial court's judgment. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133, 345 N.E.2d 493, 495 (1976) (addressing the situation where the appellee failed to file a brief). Thus, in future cases, we recommend trial courts expressly state their reasons for the *sua sponte* dismissal and cite authority in support of their reason.

As to this case, in *Rossetti Contracting Co. v. Court of Claims*, 109 Ill. 2d 72, 75-76, 485 N.E.2d 332, 333 (1985), the plaintiff filed, in a trial court, a petition for writ of *certiorari* against the Court of Claims, asserting it had been denied due process during a Court of Claims proceeding in which a final decision was rendered. The trial court dismissed the petition, finding it lacked jurisdiction but noting the plaintiff had not received an opportunity to be heard. *Rossetti Contracting Co.*, 109 Ill. 2d at 76, 485 N.E.2d at 333. Our supreme court noted the primary issue in the case was whether the Court of Claims judges' decision was subject to review by means of an extraordinary writ filed in a trial court. *Rossetti Contracting Co.*, 109 Ill. 2d at 77, 485 N.E.2d at 333. The court concluded the plaintiff had been deprived due process of law and a writ of *certiorari* was a proper method of reviewing the Court of Claims' decision under the facts presented. *Rossetti Contracting Co.*, 109 Ill. 2d at 78-79, 485 N.E.2d at 334-35. However, the court never expressly stated the trial court had jurisdiction to address the petition.

In reaching its conclusion in *Rossetti Contracting Co.*, 109 Ill. 2d at 77, 485 N.E.2d at 334, the supreme court noted an analogous situation had arisen in *People ex rel. Harrod v. Illinois Courts Comm'n*, 69 Ill. 2d 445, 372 N.E.2d 53 (1977). There, the petitioner had filed, in the Supreme Court of Illinois, a *mandamus* petition against members of the Illinois Courts Commission (Commission), seeking expungement of the Commission's order that suspended the petitioner from his judicial duties for one month without pay. *Harrod*, 69 Ill. 2d at 451, 372 N.E.2d at 55. The Commission members argued the supreme court lacked jurisdiction because the Illinois Constitution provided such decisions were final (see Ill. Const. 1970, art. VI, § 15(f)). The court found its review did not contravene the constitutional mandate since it was addressing the Commission's constitutional authority to act, not the correctness of the Commission's determination. *Harrod*, 69 Ill. 2d at 461, 372 N.E.2d at 60.

Since *Rossetti Construction Co.*, the appellate courts have addressed the propriety of trial court rulings on *mandamus* and *certiorari* petitions brought against the Court of Claims. See *Tanner v. Court of Claims*, 256 Ill. App. 3d 1089, 1092, 629 N.E.2d 696, 699 (1994) (hold-

ing dismissal of a *certiorari* petition that alleged a deprivation of due process was improper without an examination of the underlying record before the Court of Claims); *Hyde Park Medical Laboratory, Inc. v. Court of Claims*, 259 Ill. App. 3d 889, 894, 632 N.E.2d 307, 311 (1994) (finding the trial court did not abuse its discretion by denying the plaintiff's *mandamus* petition against members of the Court of Claims since the plaintiff failed to demonstrate a clear right to relief).

Both the Court of Claims and the Commission are not courts within the meaning of the judicial article of the Illinois Constitution (Ill. Const. 1970, art. VI) but instead are fact-finding bodies. *Rossetti Contracting Co.*, 109 Ill. 2d at 78, 485 N.E.2d at 334. Like the plaintiffs in *Rossetti Construction Co.* and *Harrod*, plaintiff seeks review of a fact-finding body's alleged denial of due-process rights, not the correctness of the body's decision. The fact Judge Patchett has allegedly not rendered a final decision in plaintiff's Court of Claims case does not make this case distinguishable since (1) due process requires the opportunity to be heard in a meaningful time and manner (*Armstrong v. Manzo*, 380 U.S. 545, 552, 14 L. Ed. 2d 62, 66, 85 S. Ct. 1187, 1191 (1965)) and (2) *mandamus* is a proper remedy to direct a judge to act when the judge has failed to do so (see *Torres v. Walsh*, 98 Ill. 2d 338, 352, 456 N.E.2d 601, 608 (1983)). Accordingly, we find the trial court did have jurisdiction over plaintiff's *mandamus* petition and thus reverse the trial court's *sua sponte* dismissal. However, our reversal does not suggest this claim may not be the proper subject of dismissal or denial in further proceedings.

For the reasons stated, we reverse the trial court's judgment and remand for further proceedings.

Reversed and remanded.

STEIGMANN, J., concurs.

PRESIDING JUSTICE COOK, specially concurring:

The trial court should not have dismissed this case, *sua sponte*, before service. See *People v. Ryburn*, 362 Ill. App. 3d 870, 877-78 (2005) (Cook, P.J., dissenting). We have given more thought to this case than did the trial court. That seems backward.