THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. EDWARD J. SMITH, Defendant-Appellant.

Fourth District    No. 4—06—0274

Opinion filed March 13, 2007.—Rehearing denied April 4, 2007.

Daniel D. Yuhas and Colleen Morgan, both of State Appellate Defender's Office, of Springfield, for appellant.

Julia Rietz, State's Attorney, of Urbana (Norbert J. Goetten, Robert J. Biderman, and Aimee Sipes Johnson, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE TURNER delivered the opinion of the court:

In November 2004, pursuant to a plea agreement, defendant, Edward J. Smith, pleaded guilty to possession of a controlled substance with the intent to deliver (720 ILCS 570/401(c)(2) (West 2002)), which he committed on December 13, 2003. Defendant was subject to Class X sentencing under section 5—5—3(c)(8) of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5—5—3(c)(8) (West 2002) (as amended by Pub. Act 93—44, §5, eff. July 1, 2003 (2003 Ill. Laws 819, 819-20); Pub. Act 93—169, §10, eff. July 10, 2003 (2003 Ill. Laws 1748, 1753))), and the trial court sentenced him to 10 years' imprisonment under the agreement. After a January 2005 hearing, the court denied defendant's amended motion to withdraw his guilty plea, and defendant appealed. In November 2005, this court affirmed the trial court's judgment. *People v. Smith*, No. 4—05—0104 (November 1, 2005) (unpublished order under Supreme Court Rule 23).

In February 2006, defendant filed a *pro se* pleading entitled "motion to correct sentence," in which he argued his two-year term of

mandatory supervised release (actually a three-year term (see 730 ILCS 5/5—8—1(d)(1) (West 2002))) was void because it was unconstitutional. Defendant requested the trial court to "encompass" his mandatory-supervised-release term into his sentence. The court *sua sponte* denied the motion, noting the pleadings were "frivolous and patently without merit." The court also sent a letter to the warden of the prison where defendant was housed, informing the warden of its finding and noting section 3—6—3(d) of the Unified Code (730 ILCS 5/3—6—3(d) (West Supp. 2003)) with regard to defendant's good-conduct credit. In March 2006, defendant sent a letter to the Champaign County circuit clerk, requesting a copy of the court's order because a disciplinary report had been written based on his February 2006 motion.

Defendant appeals, contending the trial court erred by finding his February 2006 "motion to correct sentence" was a "lawsuit" as defined by section 3—6—3(d) of the Unified Code. We affirm.

Generally, we review *de novo* a trial court's *sua sponte* dismissal of a prisoner's petition. See *Dupree v. Patchett*, 361 Ill. App. 3d 789, 789, 838 N.E.2d 305, 306 (2005) (*mandamus* petition). This court also reviews *de novo* whether a trial court complied with applicable procedures. See *People v. Helgesen*, 347 Ill. App. 3d 672, 675, 807 N.E.2d 718, 721 (2004).

Section 3—6—3(d) of the Unified Code (730 ILCS 5/3—6—3(d) (West Supp. 2003)) provides, in pertinent part, the following:

"If a lawsuit is filed by a prisoner in an Illinois or federal court against the State *** and the court makes a specific finding that a pleading, motion, or other paper filed by the prisoner is frivolous, the Department of Corrections shall conduct a hearing to revoke up to 180 days of good[-]conduct credit by bringing charges against the prisoner sought to be deprived of the good[-]conduct credits before the Prisoner Review Board as provided in subparagraph (a)(8) of [s]ection 3—3—2 of this Code [(730 ILCS 5/3—3—2(a)(8) (West 2002))]."

For purposes of section 3—6—3(d), "lawsuit" is defined as (1) a petition under the Post-Conviction Hearing Act (Postconviction Act) (725 ILCS 5/122—1 through 122—8 (West 2004)), (2) a motion pursuant to section 116—3 of the Code of Criminal Procedure of 1963 (725 ILCS 5/116—3 (West 2004)), (3) a *habeas corpus* action under state (735 ILCS 5/10—101 through 10—137 (West 2004)) or federal law (28 U.S.C. §2254 (2000)), (4) a claim petition under the Court of Claims Act (705 ILCS 505/1 through 29 (West 2004)), or (5) an action under the federal Civil Rights Act (42 U.S.C. §1983 (2000)). 730 ILCS 5/3—6—3(d)(2) (West Supp. 2003).

While defendant titled his pleading as a "motion to correct sentence," the trial court appears to have treated the motion as a petition under the Postconviction Act, which is included in the definition of "lawsuit" set forth in section 3—6—3(d)(2) of the Unified Code (730 ILCS 5/3—6—3(d)(2) (West Supp. 2003)). Defendant contends the court could not recharacterize his petition as a postconviction one because it did not follow the proper procedures announced by our supreme court in *People v. Shellstrom*, 216 Ill. 2d 45, 57, 833 N.E.2d 863, 870 (2005).

■ In *Shellstrom*, 216 Ill. 2d at 52-53, 833 N.E.2d at 868, the supreme court reaffirmed its holding that, if a *pro se* pleading raises claims cognizable in a proceeding under the Postconviction Act, a trial court has the discretion to treat the pleading as a postconviction petition, even if the pleading is labeled differently. Pursuant to its supervisory authority, the *Shellstrom* court also set forth the following:

> "[I]n the future, when a circuit court is *recharacterizing* as a first postconviction petition *a pleading that a pro se litigant has labeled as a different action cognizable under Illinois law*, the circuit court must (1) notify the *pro se* litigant that the court intends to recharacterize the pleading, (2) warn the litigant that this recharacterization means that any subsequent postconviction petition will be subject to the restrictions on successive postconviction petitions, and (3) provide the litigant an opportunity to withdraw the pleading or to amend it so that it contains all the claims appropriate to a postconviction petition that the litigant believes he or she has." (Emphases added.) *Shellstrom*, 216 Ill. 2d at 57, 833 N.E.2d at 870.

Thus, *Shellstrom*'s recharacterization procedures only apply when the *pro se* litigant's pleading was labeled "a different action cognizable under Illinois law." *Shellstrom*, 216 Ill. 2d at 57, 833 N.E.2d at 870. Accordingly, we must address whether "a motion to correct sentence" is a cognizable action under Illinois law.

■ We begin by examining whether defendant could raise his sentencing issue in a motion not pursuant to any statute. Defendant filed his "motion to correct sentence" after this court affirmed his direct appeal. When defendant filed his notice to take the direct appeal, the trial court was divested of jurisdiction to change or modify defendant's sentence. See *People v. Slover*, 339 Ill. App. 3d 1086, 1090, 791 N.E.2d 568, 571 (2003) (noting the filing of a notice of appeal divests the trial court of jurisdiction to change or modify its judgment). Moreover, pleading a voidness claim does not revest a court with jurisdiction that it otherwise lacks. *People v. Flowers*, 208 Ill. 2d

291, 308, 802 N.E.2d 1174, 1184 (2003); *Helgesen*, 347 Ill. App. 3d at 675, 807 N.E.2d at 721. Accordingly, we find the trial court did not have jurisdiction to entertain defendant's issue in a freestanding motion. Additionally, section 2—1401(a) of the Code of Civil Procedure (735 ILCS 5/2—1401(a) (West 2002)) abolished all common-law methods of attacking void judgments. *Helgesen*, 347 Ill. App. 3d at 675, 807 N.E.2d at 721. Thus, defendant had to raise his claim in a statutory collateral proceeding. See *Helgesen*, 347 Ill. App. 3d at 675, 807 N.E.2d at 721.

In his motion and the memorandum in support of his motion, the only statutes defendant cites are provisions of the Unified Code that address mandatory supervised release and other provisions relating to sentence length. See, *e.g.*, 730 ILCS 5/5—8—1(d) (West 2002) (setting forth the terms of mandatory supervised release); 730 ILCS 5/3—6—3 (West Supp. 2003) (stating the rules and regulations for early release). Moreover, defendant fails to set forth any statutory authority for the motion in his appellate briefs. Accordingly, we find defendant's "motion to correct sentence" was not a cognizable action under Illinois law, and thus the *Shellstrom* procedures do not apply.

This case presents a situation where the trial court had to characterize defendant's motion just to obtain jurisdiction to address it. Additionally, this court has emphasized a motion's content determines its character, not the title or label asserted by the movant. *People v. Harper*, 345 Ill. App. 3d 276, 284, 802 N.E.2d 362, 369 (2003). The Postconviction Act (725 ILCS 5/122—1 through 122—8 (West 2004)) provides a collateral proceeding, in which "a defendant may challenge his conviction or sentence for violations of federal or state constitutional rights." *People v. Pendleton*, 223 Ill. 2d 458, 471 (2006). Thus, defendant's argument that his mandatory-supervised-release term was void because it violated the state and federal constitutions could be raised in a postconviction proceeding. Defendant does not suggest any other statutory collateral cause of action in which he could have raised his mandatory-supervised-release issue and not have been subjected to section 3—6—3(d) of the Unified Code (730 ILCS 5/3—6—3(d) (West Supp. 2003)). Accordingly, we find the trial court did not err by treating defendant's motion as a postconviction petition, and thus it also did not err in finding section 3—6—3(d) of the Unified Code applied to defendant's motion.

For the reasons stated, we affirm the trial court's judgment and its finding section 3—6—3(d) of the Unified Code (730 ILCS 5/3—6—3(d) (West Supp. 2003)) was applicable to defendant's motion. As part

of our judgment, we grant the State's request that defendant be assessed $50 as costs for this appeal.

Affirmed.

APPLETON and McCULLOUGH, JJ., concur.