2021 IL App (2d) 200683-U
Nos. 2-20-0683, 2-20-0685, 2-20-0686 cons.
Order filed December 2, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellee, | ) ) | Nos. 16-CF-274 16-CF-1690 |
| v. | ) ) | 17-CF-1309 |
| GABRIEL KAISER, | ) ) | Honorable George J. Bakalis, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE McLAREN delivered the judgment of the court.
Presiding Justice Bridges and Justice Jorgensen concurred in the judgment.

**ORDER**

¶ 1    *Held*: Where defendant's *pro se* pleading was labeled in part as a "postconviction" pleading, raised claims cognizable in a postconviction proceeding, and did not invoke any other viable avenue for relief under Illinois law, the trial court was not required to admonish defendant under *People v. Shellstrom* before treating the pleading as a postconviction petition.

¶ 2    Defendant, Gabriel Kaiser, pleaded guilty to aggravated battery (720 ILCS 5/12-3.05(d)(4) (West 2016)), stalking (720 ILCS 5/12-7.3(a)(1) (West 2016)), and harassment of a witness (720 ILCS 5/32-4a(a)(2) (West 2016)).  Defendant later filed a *pro se* pleading, which the trial court treated as a postconviction petition brought under the Post Conviction Hearing Act (Act) (725

ILCS 5/122-1 *et seq.* (West 2020)). The court summarily dismissed the petition, finding it frivolous and patently without merit. Defendant appeals, contending that the court improperly recharacterized his pleading as a postconviction petition without warning him of its intent to do so and providing him an opportunity to withdraw or amend the pleading. We affirm.

¶ 3                                     I. BACKGROUND

¶ 4     On June 20, 2018, defendant pleaded guilty to aggravated battery and stalking (case No. 16 CF 274) and harassment of a witness (case No. 16 CF 1690). A third case, No. 17 CF 1309, was dismissed by agreement. The court sentenced him to concurrent terms of five- and three-years' imprisonment in case No. 16 CF 274 and a consecutive three-year term in case No. 16 CF 1690.

¶ 5     On September 24, 2020, defendant filed in all three cases, including the dismissed case, the same *pro se* document entitled "Post conviction appellea [*sic*] based on Supreme [C]ourt [R]ule 606(c)." The pleading alleged, *inter alia*, ineffective assistance of counsel and prosecutorial misconduct. Attached to the pleading were screenshots of emails between defendant and the victim.

¶ 6     On October 13, 2020, the trial court stated that defendant had filed what was labeled as a "postconviction appeal." Noting that the pleading was "almost incoherent," the court dismissed it as frivolous and patently without merit. This court granted defendant's motion to file a late notice of appeal.

¶ 7                                     II. ANALYSIS

¶ 8     Defendant argues that the trial court, in treating his pleading as a postconviction petition, "failed to comply with the recharacterization procedures required under [*People v. Shellstrom,* 216 Ill. 2d 45 (2005)]." We disagree.

¶ 9    In *Shellstrom*, the *pro se* defendant filed a pleading entitled " 'Motion to Reduce Sentence, Alternatively, Petition for Writ of Mandamus to Order Strict Compliance with Terms of Guilty Plea.' " *Id.* at 48. The trial court considered the pleading as a postconviction petition and summarily dismissed it as patently without merit. *Id.* at 49. In the appellate court, the defendant argued that the trial court should not have construed his pleading as a postconviction petition. *Id.* He conceded that his pleading would have been untimely if it were a motion to reduce his sentence. *Id.* at 49-50. However, he argued that the pleading alternatively invoked the *mandamus* statute and thus should have been considered as seeking *mandamus* relief. *Id.* at 50. The appellate court agreed and reversed. *Id.*

¶ 10    Before the supreme court, the defendant conceded that, had his pleading been unlabeled, the trial court could have properly recharacterized it as a postconviction petition. *Id.* at 50. He claimed, however, that because the pleading invoked the *mandamus* statute and did not mention the Act, the recharacterization was improper. *Id.*

¶ 11    The supreme court affirmed the appellate court. The court reaffirmed what it considered a well-established principle that, "where a *pro se* pleading alleges a deprivation of rights cognizable in a postconviction proceeding, a trial court may treat the pleading as a postconviction petition, even where the pleading is labeled differently." *Id.* at 53. However, the court held that, to prevent a defendant from inadvertently subjecting himself to the bar against successive postconviction petitions, the trial court should provide certain admonishments before treating the pleading as a postconviction petition. *Id.* at 56-57. Specifically, the court prescribed:

"[W]hen a circuit court is recharacterizing as a first postconviction petition a pleading that a *pro se* litigant has labeled as a different action cognizable under Illinois law, the circuit court must (1) notify the *pro se* litigant that the court intends to recharacterize the pleading,

(2) warn the litigant that this recharacterization means that any subsequent postconviction petition will be subject to the restrictions on successive postconviction petitions, and (3) provide the litigant an opportunity to withdraw the pleading or to amend it so that it contains all the claims appropriate to a postconviction petition that the litigant believes he or she has. If the court fails to do so, the pleading cannot be considered to have become a postconviction petition for purposes of applying to later pleadings the Act's restrictions on successive postconviction petitions." *Id.* at 57.

The court held that, given the nature of the defendant's claims, the trial court had the discretion to recharacterize his pleading as a postconviction petition. *Id.* at 53 n.1. However, since the pleading invoked the *mandamus* statute, and thus cited a cognizable basis in Illinois law, the defendant was entitled to admonishments. *Id.* at 57.

¶ 12    Here, defendant concedes that his pleading brought claims cognizable under the Act and that, therefore, the trial court had the discretion to treat the pleading as a postconviction petition. Defendant claims, however, that he was entitled to the *Shellstrom* admonishments. The State responds that the admonishments are required only where the trial court recharacterizes a pleading "labeled as a different action cognizable under Illinois law." *Id.* The State claims that the court did not recharacterize defendant's pleading but treated it according to its title, which contained the terms "Post conviction appellea [*sic*]." The State further points out that Supreme Court Rule 606(c) does not create a separate "action cognizable under Illinois law" but merely provides for the filing of a late notice of appeal in a direct appeal. See Ill. S. Ct. R. 606(c) (eff. Mar. 12, 2021). We agree with the State.

¶ 13    In *People v. Smith*, 371 Ill. App. 3d 817, 818-19 (2007), the *pro se* defendant filed a " 'motion to correct sentence,' " alleging that his term of mandatory supervised release was

unconstitutional. The trial court *sua sponte* dismissed the motion, finding it " 'frivolous and patently without merit.' " *Id.* at 819. On appeal, the defendant argued that the trial court erred in treating his motion as a postconviction petition without providing *Shellstrom* admonishments. *Id.* at 820. The court disagreed, noting that the defendant would be entitled to those admonishments only if his " 'motion to correct sentence' " was "a cognizable action under Illinois law." *Id.* The court held that the motion could not be so construed. A freestanding motion would not invoke the trial court's jurisdiction; rather, the defendant "had to raise his claim in a statutory collateral proceeding." *Id.* at 821. The court held that, since the defendant's claim was cognizable in a postconviction proceeding and he cited no other viable statutory avenue for the requested relief, the trial court properly recharacterized his motion as a postconviction petition without providing *Shellstrom* admonishments. *Id.*

¶ 14 Here, the defendant's pleading was entitled "Post conviction appellea [*sic*]." It included claims of ineffective assistance of counsel and prosecutorial misconduct appropriate to a postconviction proceeding and provided at least some evidentiary material outside the trial record.

¶ 15 Moreover, the pleading did not purport to bring any other viable action under Illinois law. Rule 606(c) does not create a separate vehicle to collaterally attack a conviction; it merely provides for the filing of a late notice of a direct appeal. Ill. S. Ct. R. 606(c) (eff. Mar. 12, 2021). But even if we view Rule 606(c) as creating a separate appellate vehicle "cognizable under Illinois law," defendant's attempt to invoke that remedy came much too late. The rule requires a motion in the appellate court filed, at the latest, six months from the expiration of the time for filing a notice of appeal. *Id.* Defendant pleaded guilty on June 20, 2018. Defendant's motion for a late notice of appeal was due, at the latest, by January 2019. However, it was filed in September 2020. Thus, as in *Smith*, and like the alternative motion to reduce the sentence in *Shellstrom*, defendant's

pleading did not invoke any cognizable action over which the trial court could have had jurisdiction.

¶ 16    If, as defendant suggests, the trial court was bound to honor his considered decision to proceed under Rule 606(c) (and *Shellstrom* holds that it was not), the court would have had no choice but to dismiss the pleading for lack of jurisdiction.  And, since the trial court never acquired jurisdiction, we would be unable to provide defendant even the remedy of a remand for further proceedings if we were so inclined.  Under the circumstances, the trial court acted reasonably by considering the pleading according to the viable statutory basis that it expressly invoked rather than as an action over which the court had no jurisdiction.

¶ 17                              III. CONCLUSION

¶ 18    We affirm the judgment of the circuit court of Du Page County.

¶ 19    Affirmed.